THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF PARK FOREST, Plaintiff-Appellee, v. JOHN WASHBURN, Director, Department of Insurance, Defendant-Appellant.

First District (2nd Division)   No. 86—890

Opinion filed March 10, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Edward M. Kay, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Kathleen Field Orr and Michael J. Duggan, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, board of trustees (board), prevailed in an action for declaratory judgment against defendant Washburn, Director of the Illinois Department of Insurance, seeking a determination that defendant did not have authority to review individual board decisions or to order the board to comply with the provisions of the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 1—101 et seq.). Defendant appeals.

The instant case stems from plaintiff's refusal to award a fund beneficiary, Milan Plavsic, benefits to which he alleges he was entitled, totaling $32,314.61. Plavsic, a member of the Park Forest police department for almost 12 years, was first granted a disability pension on February 28, 1963. The amount of such pension was based upon one-half of the salary of his rank for the preceding 12-month period. Plavsic elected to retire on December 26, 1971, at which time he was 50 years old and had accrued total service time of 20 years and 5 months. From that date until May 1980, Plavsic received a retirement pension, the amount of which was based on one-half the salary of his rank for the 12-month period preceding the disability pension award. On May 1, 1980, upon Plavsic's request that plaintiff review the amount of his retirement pension, such pension was increased to a sum one-half the salary of his rank for the 12-month period preceding his election to retire.

Thereafter, in September 1980, Plavsic's attorney requested that plaintiff make such increased benefits retroactive to the date Plavsic began his retirement. On November 13, 1980, plaintiff met to consider Plavsic's request for a recalculation of his retirement benefits and for retroactive benefits. Plaintiff voted to increase Plavsic's pension as of May 1980 to one-half the salary of his rank for the 12-month period preceding his election to retire but found that it had no statutory authority to make this increase in benefits retroactive to the date of Plavsic's retirement. Plavsic did not seek judicial review of plaintiff's decision.

On May 24, 1983, defendant conducted an examination of the Police Pension Fund of the village of Park Forest; such examination covered a five-year period ending June 30, 1982. As a result of the examination, defendant discovered that plaintiff had violated section 3—132 and 3—133 of the Illinois Pension Code by failing to make retroactive payment of retirement benefits to Plavsic from the time he elected to retire on December 26, 1971, until the new pension was granted on May 1, 1980. Accordingly, defendant instructed plaintiff to remit to Plavsic these retroactive retirement benefits in the amount of $32,314.61. Plaintiff responded that it would not award retirement benefits to Plavsic because it believed it was without statutory authority to do so.

On August 9, 1984, defendant issued a notice of hearing for noncompliance due to plaintiff's failure to correct its violations. Plaintiff instituted the instant action by filing a complaint against defendant, seeking declaratory relief. Plaintiff alleged that defendant lacked statutory authority to review, reverse, modify, or challenge its administrative decision regarding Plavsic's benefits. Plaintiff thereafter filed a motion for summary judgment in which it maintained that defendant lacked subject matter jurisdiction to review plaintiff's decision regarding Plavsic's retirement benefits as Plavsic did not seek judicial review of its decision. Defendant asserted in a cross-motion for summary judgment that he had express authority to order plaintiff to comply with provisions of the Illinois Pension Code. The circuit court thereafter entered summary judgment in favor of plaintiff, finding that defendant had no statutory authority or subject matter jurisdiction to review plaintiff's decisions.

■ Defendant's first contention on appeal is that the circuit court erred in granting judgment for plaintiff because defendant acted in accordance with the authority vested in him by the Illinois Pension Code in reviewing plaintiff's decision and in ordering plaintiff to comply with the provisions of the Illinois Pension Code. Plaintiff main-

tains in reply that defendant lacked subject matter jurisdiction to reverse plaintiff's administrative decisions.

An administrative agency has no inherent or common law powers, but is empowered to act only according to authority properly conferred upon the agency by law. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.) Administrative actions which extend beyond the authority delegated to the agency by law are void. *Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 290 N.E.2d 903.

Plaintiff maintains that the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) alone defines its powers. Section 3—148 of the Illinois Pension Code states in relevant part:

"Administrative review. The provisions of the Administrative Review Law, and all amendments and modifications thereof and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board provided for under this Article. The term "administrative decision" is as defined in Section 3—101 of the Code of Civil Procedure." Ill. Rev. Stat. 1985, ch. 108½, par. 3—148.

■■ ■ Where a statute provides that the administrative decisions of an agency are subject to the Administrative Review Law, the statute is the exclusive method of review of an administrative agency's final decision. The Administrative Review Law governs every action seeking a judicial review of a final decision of any administrative agency "where the Act creating or conferring power on such agency, by express reference***" (Ill. Rev. Stat. 1985, ch. 110, par. 3—102) adopts its provisions. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 466 N.E.2d 365.) Where it is adopted, the Administrative Review Law is the exclusive method of review. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 466 N.E.2d 365; *People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166, 201 N.E.2d 103.) In this case, section 3—148 of the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 3—148) expressly adopts the Administrative Review Law. Hence, plaintiff's quasi-administrative decisions could be reviewed only under the Administrative Review Law. Its decision to deny Plavsic retroactive benefits was subject to the constraints of the Administrative Review Law and was outside the subject matter jurisdiction of defendant.

Defendant maintains that the Administrative Review Law is in contravention of the express statutory authority granted to him under

section 22—502 of the Illinois Pension Code to review, regulate, and supervise the policies and decisions of the pension board and to take action to compel the board to comply with the Illinois Pension Code. (Ill. Rev. Stat. 1985, ch. 108½, par. 22—502.) Section 22—502 states in relevant part:

"Examinations and investigations. The Division shall make periodic examinations and investigations of all pension, annuity and retirement funds or systems established and maintained for the benefit of employees and officers of governmental units***.

The examinations to be made by the Division hereunder shall include an audit of financial transactions, investment policies and proceedings, an examination of books, records, documents, files and other pertinent memoranda relating to the financial, statistical and administrative operations, and a review of policies and proceedings maintained for the administration and operation of the fund or system."

As plaintiff correctly maintains, an examination of this provision shows that nowhere within the specific powers and duties of defendant mentioned therein is it stated that defendant shall have the authority to review or modify the administrative decisions made by a pension board, as they are defined by the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101.) Rather, defendant's authority is to audit the board's financial transactions and examine its fiscal policies. Contrary to defendant's contentions, section 22—502 gives defendant specific mandatory instructions as to what an examination of a particular pension fund shall include. To grant defendant a broader authority would allow defendant to conduct an *ad hoc* review of all administrative decisions and summarily reverse or modify those decisions.

Defendant's contention that section 22—502 authorizes him to review the board's "administrative policies" to determine whether those policies are in accord with the Illinois Pension Code is without merit. Defendant never ordered the board to change a policy here, but sought to reverse the adjudicatory decision itself. What is at issue here is the power to review and reverse the result of the adjudication itself, as opposed to the power to review the "policy" that defendant contends was embodied in the board's decision to deny Plavsic retroactive benefits. An agency's policies which are considered such, are not within the circuit court's subject matter; however, when an agency's policies are involved in deciding the rights of an individual, such policies become part of its "administrative decisions" and consequently, under the Administrative Review Law, are reviewable solely

by the court.

Defendant's contention that he is empowered to reverse the board's administrative decisions also constitutes an infringement on the powers of the judicial branch. If this court were to construe that defendant had the power under section 22—502 to review the board's administrative decisions, that section of the Illinois Pension Code would be unconstitutional. The review of administrative agencies is a traditional judicial function which cannot be delegated to an agency other than the courts. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763; *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 347 N.E.2d 736.) To allow defendant, under the guise of reviewing policy, to examine individual adjudicative decisions of the board and to reverse or modify that decision if he disagrees with the determination made in that proceeding, would be to create in essence an unconstitutional court of administrative review. This court finds that the Illinois Pension Code does not grant defendant the authority to reverse the administrative decisions of plaintiff.

Defendant's second contention on appeal is that defendant properly determined that the board violated the Illinois Pension Code by failing to make a payment of retroactive benefits to Plavsic. Plaintiff replies, both in a motion to this court and in its brief, that this argument should be stricken because it was not raised as an issue in the circuit court. As plaintiff correctly asserts, the only issue before the circuit court was defendant's authority to review administrative decisions made by plaintiff. The correctness or incorrectness of defendant's action was never disputed. As this issue was not brought before the circuit court, but is raised for the first time on appeal, it is waived.

For the above reasons the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.