GERALD R. ROSSLER, Plaintiff-Appellant, v. MORTON GROVE POLICE
PENSION BOARD, Defendant-Appellee.

First District (1st Division)   No. 88—0240

Opinion filed January 9, 1989.

Jeffrey M. Randall and Naomi Braude, both of Randall, Gayle & Patt, of Glenview, for appellant.

Richard J. Puchalski, of Doss, Puchalski & Keenan, Ltd., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of defendant, the Morton Grove Police Pension Board. Plaintiff raises the following issues on appeal: (1) whether the Pension Board lacks jurisdiction to conduct the proposed administrative rehearing; and (2) whether the Pension Board is estopped from conducting an administrative rehearing regarding pension benefits awarded 2½ years prior to the scheduled rehearing. We reverse.

Plaintiff, Gerald Rossler, was deputy chief of police for the Morton Grove police department prior to his retirement on January 14, 1985. Between January 1965 and January 1985, he contributed biweekly to the police pension fund, which was managed by the Morton Grove Police Pension Board (the Pension Board or Board) pursuant to the Illinois Pension Code (Code) (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*).

In February 1984, Rossler sought a five-month leave of absence from the police department in order to act as a security consultant for the 1984 Olympic Games in Los Angeles. Copies of his request for leave of absence were sent to the Pension Board, the Morton Grove village attorney, the chief of police for Morton Grove, a trustee of the Police and Fire Commission and the mayor of Morton Grove.

It was agreed between the chief of police and Rossler that sick days, vacation days and personal days would be applied toward Rossler's creditable service time for pension purposes. The Pension Board approved the requested leave of absence on February 23, 1984, and agreed that the leave would be counted as creditable time toward Rossler's pension provided that he maintain his contributions during the leave of absence. Approval under the same conditions also was granted by the president of the Pension Board and the chairman of the Morton Grove Fire and Police Commission. The village administrator similarly approved and notified the president of the Pension Board that the Village would accept Rossler's biweekly contributions to the pension fund in his absence.

Having received the approval and authorizations of the above-named entities, Rossler took the leave of absence beginning March 5, 1984. On October 29, 1984, he returned to the payroll of the Morton Grove Police Department. On December 8, 1984, Rossler was notified that he had accumulated 20 years and 7 days of creditable service toward retirement. He subsequently wrote to the Pension Board stating his intention to retire from the police force on January 11, 1985, and applied for a pension. In response, the village finance director-treasurer wrote a letter to the Pension Board stating that Rossler had

made all required contributions to the fund.

Rossler's request for a pension was granted unanimously by the Pension Board and on July 16, 1985, the Board notified Rossler that his pension of $19,256.95 per year was to commence on his fiftieth birthday.

In about August 1986, 1½ years after the Board had notified Rossler that he would receive his pension, the Board notified him that the Illinois Department of Insurance had determined that the amount had been inaccurately computed as there was a five-month error in the creditable service time. Despite this determination by the Department of Insurance, the village attorney, acting as the attorney for the Board, notified the Board that Rossler was entitled to a pension based on 20 years of service and that the Board lacked jurisdiction to modify its decision because it had failed to file an action to review its decision within 35 days, as required by the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 et seq.).

In June 1987, more than 2½ years after granting the pension, the Board notified Rossler that it had scheduled an administrative rehearing to hear evidence concerning modification of his pension. Rossler filed a motion for a preliminary injunction to enjoin the Pension Board's scheduled rehearing. Both parties filed cross-motions for summary judgment, and the trial court granted the Board's motion, finding that the Board had inherent authority under section 3—144.2 of the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—144.2) to conduct a rehearing. That motion was stayed pending the outcome of this appeal.

The first question we address is whether the Board has jurisdiction to conduct a rehearing concerning modification of Rossler's pension benefits some 2½ years after the initial decision was made to grant the pension. The position of the Board is that it has either express authority, under the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 et seq.), or implied authority under *Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 365 N.E.2d 667, *appeal denied* (1977), 66 Ill. 2d 631, to hold a rehearing to determine the extent of Rossler's entitlement to pension benefits. The Board cites section 3—135 of the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—135), which grants the Board power to control, manage and invest funds, and *Commonwealth Edison Co. v. Pollution Control Board* (1974), 25 Ill. App. 3d 271, 323 N.E.2d 84, *aff'd in part & rev'd in part* (1976), 62 Ill. 2d 494, in which the court held that the grant of authority to an administrative agency carries with it the power to do what is reasonably necessary to perform the duties

assigned to it. The Pension Board also relies on article 3 of the Pension Code, which provides in pertinent part as follows:

"The amount of any overpayment, due to fraud, misrepresentation or error, of any pension or benefit granted under this Article may be deducted from future payments to the recipient of such pension or benefit." (Ill. Rev. Stat. 1987, ch. 108½, par. 3—144.2.)

The Board contends that this provision necessarily permits a modification beyond the 35-day appeal period provided by the Administrative Review Law and that the legislature cannot have intended that the agency appeal its own decision within 35 days.

We believe that the limited appeal period under the Administrative Review Law and the directives of article 3 of the Pension Code are not inconsistent and that section 3—144.2 of the Code does not grant the Board inherent authority to hold a rehearing after the statutory review period has expired.

■ An administrative agency, such as the Pension Board, has no inherent or common law powers, but is empowered to act only pursuant to the authority it is granted by law. (*Board of Trustees of Police Pension Fund v. Washburn* (1987), 153 Ill. App. 3d 482, 485, 505 N.E.2d 1209.) Administrative actions which exceed the authority delegated by law are void. *Board of Trustees*, 153 Ill. App. 3d at 485.

■ The Pension Board is governed by article 3 of the Illinois Pension Code (the Police Pension Code), which regulates and establishes the powers and duties of police pension boards in municipalities of between 5,000 and 50,000 residents, such as Morton Grove. (See Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*) Section 3—148 of the Code provides that review of Board orders shall be pursuant to the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—103), which provides in pertinent part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

Where a statute provides that the decisions of an administrative agency are subject to the Administrative Review Law, the provisions of the Administrative Review Law provide the exclusive method of review. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 617, 466 N.E.2d 365.) As section 3—148 of the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—148) expressly adopts the Administrative Review Law, the decisions

of the Pension Board can be reviewed only pursuant to that law.

■ Reviews of orders under the Administrative Review Law either by an agency or an individual appearing before it is limited to a 35-day period after the decision is issued. (*People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 1111, 420 N.E.2d 1043, *appeal denied* (1981), 85 Ill. 2d 574), and the 35-day limit is jurisdictional. (*Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924, 410 N.E.2d 291.) Although the procedural rules of an administrative agency may provide for an extension of time beyond the 35-day review period provided by the Administrative Review Law, the Pension Code does not do so. (*Cf. Clean Air Coordinating Committee v. Environmental Protection Agency* (1976), 42 Ill. App. 3d 124, 127, 355 N.E.2d 573.) Therefore the Board lacks jurisdiction to reconsider the pension granted to Rossler in 1985.

The Board's reliance on *Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 365 N.E.2d 667, *appeal denied* (1977), 66 Ill. 2d 631, and *Board of Trustees of Police Pension Fund v. Village of Glen Ellyn* (1949), 337 Ill. App. 183, 85 N.E.2d 473, is misplaced. While both cases support the proposition that the authority of an administrative agency (to act) may be implied from the terms of the enabling law, neither case involved a situation where the agency's authority to act was specifically limited by statute and case law, as is the situation here.

■ The language of article 3 of the Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 3—144.2) does not lead us to conclude otherwise. Article 3 provides:

> "The amount of any overpayment, due to fraud, misrepresentation or error, of any pension or benefit granted under this Article may be deducted from future payments to the recipient of such pension or benefit." Ill. Rev. Stat. 1987, ch. 108½, par. 3—144.2.

There was no claim of fraud here, and the Board's contentions to the contrary, there is no basis under the circumstances here for finding that the plaintiff misrepresented the length of his service to the Morton Grove police department. We construe section 3—144.2 as allowing the Board to readjust pension payments where a claimant has actively sought to misrepresent his entitlement to pension funds or where the Board has made some inadvertent arithmetical error in calculating pension benefits. To conclude that section 3—144.2 can be used by the Board to reopen final decisions simply because it failed to verify the accuracy of the information on which it based its decision would not only circumvent the appeal period of the Administrative

Review Law but would leave pension recipients uncertain as to their entitlement to benefits despite the fact that they relied on the judgment of the Pension Board.

■■ Even if the Board had jurisdiction to conduct a rehearing, it would be estopped from doing so under the circumstances here. Although generally a finding of equitable estoppel against a public body is not favored (*American National Bank & Trust Co. v. Village of Arlington Heights* (1983), 115 Ill. App. 3d 342, 347, 450 N.E.2d 898), estoppel against a municipality may be invoked where a party's action was induced by the conduct of municipal officers and where, in the absence of such relief, the party would suffer substantial loss. (*Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 161, 171 N.E.2d 605.) The party claiming estoppel must prove reasonable reliance on the acts or representations sought to be estopped (*National Ben Franklin Insurance Co. v. Davidovitch* (1984), 123 Ill. App. 3d 88, 93, 462 N.E.2d 696, *appeal denied* (1984), 101 Ill. 2d 567), and the affirmative action taken by the party to be estopped must be such that it would be unjust to permit the party to deny what it has done. (*Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 353, 458 N.E.2d 126, *appeal denied* (1984), 99 Ill. 2d 527.) The plaintiff here amply meets these criteria.

■■ At the time plaintiff sought the leave of absence from the Morton Grove police department, copies of his request were sent to the Pension Board, the village attorney and chief of police for Morton Grove, a trustee of the Police and Fire Commission and the mayor of Morton Grove. Rossler informed the Pension Board of his plans and requested a determination as to whether the period of his absence would be counted as creditable time. The Pension Board not only approved the leave, it notified Rossler that the leave would be counted as creditable time toward his pension, provided that he continue to contribute to the fund in his absence. Approval was also granted under the same conditions by the president of the Pension Board.

Rossler carefully investigated his eligibility for a pension, conferred with all of the necessary authorities, confirmed his eligibility in writing and complied with the requirement that while on his leave he continue contributing to the pension fund on his own behalf. The Board was presented with all the documentation available to Rossler and it had an independent duty to investigate the facts before it in order to determine the claimant's eligibility.

The Board in fact has mischaracterized Rossler's statement to the Board that he had 20 years of creditable service as a misrepresentation. Rossler was informed by the chief of police that he had accrued

sufficient creditable time toward retirement and he so notified the Board. The Board unanimously voted to grant Rossler's request for a pension and computed his pension based on service in excess of 20 years.

In reliance on representations made by the Pension Board, the village attorney and various other municipal officials, Rossler retired and moved to another part of the country. To require either that he return to Illinois for a rehearing some 2½ years after the pension was granted or that he resume his employment with the Morton Grove police department for seven months would be unjust. Rossler's reliance on the Board's determination was reasonable and he clearly would suffer a substantial loss if the Board is now permitted to re-compute his pension.

The Board's claim that it cannot be bound by its own decision to grant Rossler the pension because it was not represented by independent counsel has no merit. The Board consulted with the village attorney and took his advice as to Rossler's eligibility. If the Board was uncertain as to Rossler's eligibility, it was the Board's responsibility to seek independent counsel and verify the accuracy of Rossler's claim.

■ The Board has argued that injunctive relief is inappropriate here as plaintiff has an adequate remedy at law, *i.e.*, participating in an administrative rehearing before the Board. In light of our determination that the Board lacks jurisdiction to hold a rehearing, such a hearing is not an adequate remedy at law and injunctive relief is proper. See, *e.g., Aliperto v. Department of Registration & Education* (1980), 90 Ill. App. 3d 985, 988-89, 414 N.E.2d 117.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

MANNING, P.J., and QUINLAN, J., concur.