Nos. 2--02--0719 & 2--02--0720

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

JEANNETTE SOLA, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellee, ) 

)

) No. 02--MR--297

)

THE ROSELLE POLICE PENSION ) 

BOARD,
 ) 

)

Defendant-Appellant ) 

) Honorable

(The Village of Roselle, ) Bonnie M. Wheaton,

Intervenor). ) Judge, Presiding.

JEANNETTE SOLA, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellee, ) 

)

) No. 02--MR--297

)

THE ROSELLE POLICE PENSION ) 

BOARD
,                          )  

) 

Defendant ) 

) Honorable

(The Village of Roselle, ) Bonnie M. Wheaton,

Intervenor-Appellant). ) Judge, Presiding.

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Roselle Police Pension Board (Board), and intervenor, Village of Roselle (Village), appeal the trial court's order of declaratory and injunctive relief, which enjoined the Board from holding a hearing to reconsider the pension benefits award it previously granted to plaintiff, Jeannette Sola.  We affirm.

Plaintiff's husband, Lester Sola, a Roselle police officer, died on May 10, 1993.  On May 26, 1993, plaintiff filed an application with the Board requesting pension benefits as a surviving spouse.  She also sent a letter to the president of the Board requesting an annual cost-of-living increase.  Shortly thereafter, she began to receive surviving spouse pension benefits and received such benefits along with an annual 3% cost-of-living increase until January 1, 2002.  There is no written decision in the record memorializing the Board's grant of pension benefits to plaintiff in 1993.  The minutes of a Board meeting held on January 23, 1996, reflect that the Board reviewed and approved a scheduled annual increase in Lester Sola's pension.

In June 2000, the Department of Insurance (Department) audited the pension fund for the period beginning May 1, 1998, and ending April 30, 2000.  In its report, the Department found that plaintiff "was granted a pension of $1596.59, effective May 10, 1993."  The Department further found that "annual increases have been granted since 1993."  The increases set out in the report reflect an annual increase of 3%.  The Department, without explanation, concluded that plaintiff's current pension of "$1963.60" was overstated.

On or about December 27, 2001, plaintiff received a letter from the Village stating that her pension benefits for 2002 would not increase beyond the 2001 level.  On February 4, 2002, the Board's attorney sent a letter to plaintiff that stated: "As you are aware, in 1993 the Pension Board awarded you a 3% cost of living increase pursuant to 35/3-111.1 [
sic
] of the Illinois Pension Code."  The letter then informed plaintiff of the Department's findings and stated: 

"It would appear that this overpayment resulted from the Pension Boards [
sic
] granting you a cost of living increase.  The Department of Insurance position is that surviving spouse's [
sic
] of Police Officers are 
not
 entitled to cost of living increases.  ***  The Village of Roselle has also taken the position that you were not entitled to cost of living increases."  

The letter then stated that the Village had petitioned to intervene in any proceedings to be held before the Board, that a hearing was scheduled on February 11, 2002, and that plaintiff's pension benefits may be affected.  Plaintiff later received a notice that the hearing would be held on April 1, 2002.

On March 26, 2002, plaintiff filed a complaint for declaratory and injunctive relief and a motion for a temporary restraining order.  Plaintiff argued that the Board was without jurisdiction to conduct a hearing to modify plaintiff's pension benefits because it did not timely review its original pension decision pursuant to the Administrative Review Law (735 ILCS 5/3--101 
et seq
. (West 2002)).  The court granted the Village's petition for leave to intervene and the Village filed a brief in opposition.  The Board filed a motion for summary judgment.

The court granted plaintiff's request for declaratory and injunctive relief and enjoined the Board from conducting a hearing to review plaintiff's pension and annual 3% increase.  The court also denied the Board's motion for summary judgment.  The Village and the Board both appealed.  We consolidated the appeals.

The Board argues (1) that it had jurisdiction to hold a hearing pursuant to the Illinois Pension Code (Pension Code) (40 ILCS 5/1--101 
et seq
. (West 2002)); (2) that it did not lose jurisdiction by failing to timely review its original award because it never rendered an administrative decision; and (3) plaintiff failed to exhaust her administrative remedies.  The Village also argues that there was no administrative decision.  The Village additionally argues that plaintiff, as a surviving spouse, is not entitled to cost-of-living increases in her pension.

We review the court's order 
de novo
, as it is based on the construction of a statute.  
People ex rel. Devine v. $30,700.00 United States Currency
, 199 Ill. 2d 142, 148-49 (2002).  The Pension Code, which governs the Board, provides that review of pension board decisions shall be pursuant to the Administrative Review Law.  40 ILCS 5/3--148 (West 2002).  The Administrative Review Law provides in part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***."  735 ILCS 5/3--103 (West 2002).

Because the Pension Code provides that decisions of pension boards are subject to the Administrative Review Law, the Board's decisions can be reviewed only pursuant to that law.  
Rossler v. Morton Grove Police Pension Board
, 178 Ill. App. 3d 769, 773-74 (1989).  The review of a decision under the Administrative Review Law, initiated either by an agency or an individual appearing before it, is limited to a 35-day period after the decision is issued.   
Rossler
, 178 Ill. App. 3d at 774.  This limit is jurisdictional.  
Holmes v. Aurora Police Pension Fund Board of Trustees
, 217 Ill. App. 3d 338, 344 (1991).  Although an administrative agency's procedural rules may allow for an extension of the 35-day review period, the Pension Code provides no such extension.  See 
Holmes
, 217 Ill. App. 3d at 344-45.  Accordingly, the Board lacks jurisdiction to reconsider decisions after the expiration of the 35-day period.

The Board first argues that, regardless of the 35-day review period, it nevertheless has the statutory authority to modify plaintiff's pension.  The Board relies on section 3--144.2 of the Pension Code, which provides:

"The amount of any overpayment, due to fraud, misrepresentation or error, of any pension or benefit granted under this Article may be deducted from future payments to the recipient of such pension or benefit."  40 ILCS 5/3--144.2 (West 2002).

This argument was rejected by the court in 
Rossler
, which held that section 3--144.2 is limited to "allowing the Board to readjust pension payments where a claimant has actively sought to misrepresent his entitlement to pension funds or where the Board has made some inadvertent arithmetical error in calculating pension benefits."  
Rossler
, 178 Ill. App. 3d at 774.  As the court in 
Rossler
 reasoned:

"To conclude that section 3--144.2 can be used by 
the
 Board to reopen final decisions simply because it failed to verify 
the
 accuracy of 
the
 information on which it based its decision would not only circumvent 
the
 appeal period of 
the
 Administrative Review Law but would leave pension recipients uncertain as to their entitlement to benefits despite 
the
 fact that they relied on 
the
 judgment of 
the
 Pension Board."  
Rossler
, 178 
Ill. App. 3d
 at 774-75.

Here, there is no allegation of fraud or misrepresentation by plaintiff and no error by the Board.  Rather, the Board is seeking to modify plaintiff's benefits because it now believes, following the advice of the Department of Insurance, that the Pension Code does not allow cost-of-living increases to surviving spouses' pensions.  This change in the Board's interpretation of the Pension Code does not qualify as an error allowing the Board to modify plaintiff's pension pursuant to section 3--144.2. 

The Board next argues, along with the Village, that it is not precluded from holding a hearing because it never rendered an administrative decision.  Without an administrative decision, defendants argue, the Administrative Review Law does not apply, the 35-day limit is inapplicable, and the Board therefore has jurisdiction to review plaintiff's pension.

The Administrative Review Law defines an administrative decision as:

"[A]ny decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."  735 ILCS 5/3--101 (West 2002).

" 'A final and binding decision by an administrative agency 
requires
, at the very least, that the agency has taken some definitive action with regard to the application before it and that the applicant has been informed of the action.' "  (Emphasis in original.)  
Key Outdoor, Inc. v. Department of Transportation
, 322 Ill. App. 3d 316, 324 (2001), quoting 
Illinois Wood Energy Partners, L.P. v. County of Cook
, 281 Ill. App. 3d 841, 851 (1995).

Although the record contains no written decision that memorializes the Board's 1993 award of a pension and 3% annual cost-of-living increase to plaintiff, the record reflects that the Board nevertheless rendered an administrative decision.  Plaintiff applied for a pension and cost-of-living increases on May 26, 1993.  Soon thereafter, she began to receive the requested pension benefits and annual cost-of-living increases.  In 1996, the Board reviewed and approved an annual increase in plaintiff's pension.  In 2000, after auditing the Board's pension fund, the Department of Insurance found that plaintiff "was granted a pension of $1596.59, effective May 10, 1993," and that "annual increases have been granted since 1993."  Finally, in 2001, the Board's attorney sent plaintiff a letter stating that "in 1993 the Pension Board awarded [her] a 3% cost of living increase pursuant to 35/3-111.1 [
sic
] of the Illinois Pension Code."  Accordingly, even in the absence of a formal written decision by the Board, the record reflects that in 1993, the Board decided to award plaintiff a pension and annual 3% cost-of-living increases.  This action qualifies as an administrative decision, and thus, the Administrative Review Law applies.  Because the Board did not seek to review its decision within 35 days, it no longer has jurisdiction to modify plaintiff's pension benefits.

The Board next argues that plaintiff failed to exhaust her administrative remedies.  The Board contends that plaintiff should have moved it to rule on its own jurisdiction prior to filing a complaint in the circuit court.  Under the exhaustion of remedies doctrine, a party cannot seek judicial review of an administrative agency action without first pursuing all available administrative remedies.  
Board of Trustees of the Addison Fire Protection District No. 1 v. Stamp
, 241 Ill. App. 3d 873, 884 (1993).  One exception to the exhaustion rule applies when the party attacks the agency's jurisdiction on the ground that it is not authorized by statute.  
Stamp
, 241 Ill. App. 3d at 884.  Such is the case here.  Plaintiff's complaint asserted that the Board, pursuant to the Pension Code and the Administrative Review Law, lacked jurisdiction to hold a hearing.  Therefore, plaintiff was not required to exhaust her administrative remedies.

Finally, the Village argues that the Pension Code does not allow for cost-of-living increases to surviving spouses' pensions.  However, the only issue before us is whether the Board had the jurisdiction to hold a hearing and modify plaintiff's pension. Accordingly, we need not decide whether the Pension Code provides for cost-of-living increases to surviving spouses' pensions.

The judgment of the circuit court of Du Page County is affirmed. 

Affirmed.

HUTCHINSON, P.J., and KAPALA, J., concur.