SECOND DIVISION
March 2, 2010

No. 1-09-1283

THOMAS KACZKA,                              )        Appeal from
                                            )        the Circuit Court
          Plaintiff-Appellant,              )        of Cook County.
                                            )
     v.                                     )
                                            )
THE RETIREMENT BOARD OF THE                 )        No. 08 CH 16694
POLICEMEN'S ANNUITY AND                     )
BENEFIT FUND OF THE CITY OF CHICAGO,        )
                                            )        Honorable
                                            )        Martin S. Agran,
          Defendant-Appellee.               )        Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Thomas Kaczka, appeals from the judgment of the circuit court confirming a decision by the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (the Board), which denied his application for a reinstatement of a widower's annuity benefit under the Illinois Pension Code (the Pension Code) (40 ILCS 5/5-101 *et seq.* (West Supp. 2007)). On appeal, plaintiff contends that: (1) his widower's benefits were subject to mandatory reinstatement pursuant to section 5-147 of the Pension Code (40 ILCS 5/5-147 (West Supp. 2007)); (2) the Board's 1992 decision awarding him a widower's annuity was a final administrative order not subject to modification beyond the 35-day administrative review period under the Administrative Review Law (735 ILCS 5/3-103 (West 2006)); (3) the Board's prior

decision awarding him a widower's annuity was not void; and (4) the Board erred in dismissing his claim that the Board violated his right to equal protection under federal and state law. For the following reasons, we affirm the decision of the Board.

BACKGROUND

On August 22, 1992, plaintiff married Carole P. Lewandowski. At the time of their marriage, Carole had been a member of the Chicago Police Department for 11 years. On September 3, 1992, 12 days after the marriage, Carole died. Thereafter, plaintiff applied for, and was awarded, a widower's annuity benefit under Article 5 of the Pension Code. Ill. Rev. Stat. 1991, ch. 108½, par. 5-101 *et seq*.

Thereafter, on November 26, 1999, plaintiff remarried. In 2005, the Board suspended plaintiff's benefits based upon the then-existing provision in the Pension Code requiring that widower's annuity benefits be suspended upon the remarriage of the surviving spouse. 40 ILCS 5/5-147 (West 2004). Plaintiff agreed to refund the overpayment as a result of funds he erroneously received between 1999 and 2005.

Subsequently, effective August 28, 2007, section 5-147 of the Pension Code was amended by Public Act 95-504 (Pub. Act 95-504, eff. August 28, 2007, amending 40 ILCS 5/5-147 (West Supp. 2007)). Under the new provision, a widower's annuity is no longer subject to termination or suspension due to remarriage. Based upon this amendment, on October 29, 2007, plaintiff applied for reinstatement of his widower's annuity.

After notice and an opportunity to be heard, the Board rendered its decision denying the reinstatement of a widower's annuity. The Board determined that plaintiff did not qualify for

1-09-1283

reinstatement of a widower's annuity under the Pension Code because at the time Carole died, plaintiff had been married to her for less than one year. Under the then-existing provisions of Article 5 of the Pension Code, a widower had "no right" to a widower's annuity "if the marriage occurred less than one year prior to the policeman's death." Ill. Rev. Stat. 1991, ch. 108½, par. 5-146(a). Therefore, the Board concluded as follows:

> "i)   [Plaintiff] is not entitled to any current annuity benefits
>
> in that he does not qualify as a person entitled to benefits by reason
>
> of his marriage to [Carole]; and ii) since [plaintiff] is not entitled to
>
> benefits based on his marriage to [Carole], it must follow that there
>
> are no benefits to "resume" and accordingly, the application
>
> submitted by [plaintiff] is denied."

Plaintiff then filed a two-count complaint for administrative review in the circuit court. Count I of his amended complaint sought judicial review of the Board's decision denying the reinstatement of his widower's annuity benefit. In count II, plaintiff sought damages under section 1983 of the Civil Rights Act (42 U.S.C. §1983 (2006)), and article I, section 2 of the Illinois Constitution (Ill. Const., art. I, §2), alleging a violation of equal protection. The Board subsequently filed a motion to dismiss count II of the amended complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2006)). On January 7, 2009, the circuit court granted the Board's motion to dismiss count II. Thereafter, the circuit court entered a judgment on count I, confirming the decision of the Board denying plaintiff's application for reinstatement of a widower's annuity benefit. Plaintiff now appeals.

1-09-1283

ANALYSIS

The Board is governed by Article 5 of the Pension Code, which governs the police pension fund for cities with a population of more than 500,000. 40 ILCS 5/5-108 (West 2006). Pursuant to section 5-228 (40 ILCS 5/5-228 (West 2006)), judicial review of the Board's decision is governed by the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2006)). Accordingly, we review the decision of the administrative agency rather than the determination of the circuit court. Wade v. City of North Chicago Police Pension Board, 226 Ill. 2d 485, 504 (2007). In these cases, the applicable standard of review depends upon whether the question presented is one of fact or law or a mixed question of fact and law. Marconi v. Chicago Heights Police Pension Board, 225 Ill. 2d 497, 532 (2006). Here, where the salient facts are undisputed and the litigation turns on an issue of statutory construction, which is a question of law, our review is *de novo*. Roselle Police Pension Board v. Village of Roselle, 232 Ill. 2d 546, 552 (2009).

The essential question raised by this appeal is whether plaintiff is entitled to reinstatement of his widower's annuity benefit under the relevant provisions of Article 5 of the Pension Code. Plaintiff initially asserts that the Board erroneously denied his application for reinstatement because reinstatement of his benefits was mandatory under the amendment to section 5-147 of the Pension Code. 40 ILCS 5/5-147 (West Supp. 2007). That section provides, in pertinent part, as follows:

"[A]ny widow's annuity that was previously terminated or suspended *** by reason of remarriage shall, upon application, be resumed as of the date of the

- 4 -

application ***."  40 ILCS 5/5-147(a) (West Supp. 2007).

Plaintiff contends that the use of the word "shall" denotes a clear expression of legislative intent to impose a mandatory obligation.

Nevertheless, it is also a fundamental principle of statutory construction that all provisions of an enactment are to be viewed as a whole and each provision must be interpreted in light of other relevant sections of the statute.  Abrahamson v. Illinois Department of Professional Regulation, 153 Ill. 2d 76, 91 (1992).  Thus, in considering whether plaintiff was entitled to reinstatement, the Board was also required to consider other relevant sections of the Pension Code.  Section 5-146 specifically addresses a widower's right to annuities.  At the time of Carole's death, that section provided in pertinent part as follows:

> "§ 5-146. Wives and widows not entitled to annuities.  The
> following wives or widows have no right to annuity from the fund:
> (a) A wife or widow, *** of a policeman who dies in
> service, if the marriage occurred less than one year prior to the
> policeman's death ***[.]"  Ill. Rev. Stat. 1991, ch. 108½, par. 5-
> 146(a).

Thus, where the marriage lasted less than one year prior to the death of the policeman, a widower had "no right" to an annuity from the fund.  Here, unfortunately, Carole died 12 days after the marriage.  Accordingly, plaintiff had "no right" to any annuity and, therefore, no right to any reinstatement of benefits under section 5-147.  40 ILCS 5/5-147 (West Supp. 2007).

Plaintiff argues that in rendering its decision, the Board erroneously modified its original

1-09-1283

1992 decision, which had originally awarded him a widower's annuity. Plaintiff cites several cases in support of the proposition that the Pension Code provides no authority to the Board to conduct a rehearing or modify its decision after the expiration of the 35-day filing period for review under the Administrative Review Law. Kosakowski v. Board of Trustees of the City of Calument City Police Pension Fund, 389 Ill. App. 3d 381 (2009); Sola v. Roselle Police Pension Board, 342 Ill. App. 3d 227 (2003); Rossler v. Morton Grove Police Pension Board, 178 Ill. App. 3d 769 (1989).

These cases are procedurally and factually distinguishable from the present appeal. In Kosakowski, Sola and Rossler, the boards erroneously sought to rehear and modify a final order granting the plaintiffs' benefits after each board had subsequently changed its interpretation of the Pension Code. Kosakowski, 389 Ill. App. 3d at 387; Sola, 342 Ill. App. 3d at 231; Rossler, 178 Ill. App. 3d at 774-75. For example, in Kosakowski, the board had argued that despite the 35-day review period, under section 3-144.2 of the Pension Code, the legislature granted it the authority to later deduct from future payments any overpayment due to misrepresentation, fraud or error, and the board argued that it had miscalculated the amount of the plaintiff's pension. Kosakowski, 389 Ill. App. 3d at 383; 40 ILCS 5/3-144.2 (West 2006). The court agreed with the board in principle, but under the facts presented found that the board's change in interpretation of the Pension Code did not qualify as an "error" within the meaning of section 3-144.2 of the Code. Kosakowski, 389 Ill. App. 3d at 387. Therefore, the court held that under the Administrative Review Law, the board lacked jurisdiction to reconsider or modify a final administrative decision granting a disability pension after the 35-day review period provided for under the statute.

- 6 -

1-09-1283

<u>Kosakowski</u>, 389 Ill. App. 3d at 383-84.

Unlike <u>Kosakowski</u>, <u>Sola</u> and <u>Rossler</u>, here, the Board is not seeking to rehear or modify the substance of its original order in which it granted plaintiff a widower's annuity in 1992. Rather, plaintiff's benefits were subsequently suspended by operation of law due to his remarriage pursuant to section 5-147 of the Pension Code as it then existed. 40 ILCS 5/5-147 (West 2004). The only issue before the Board in this case is a review of plaintiff's new application seeking a reinstatement of a widower's annuity based upon a further change in the law in 2007. The Board was not authorized to reinstate his widower's annuity in 2007 because it correctly determined that under the Pension Code plaintiff had "no right" to benefits and, therefore, prospectively there was nothing to "resume."

Next, plaintiff contends that the circuit court erred in granting the Board's motion to dismiss count II of his complaint pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2006). A section 2-615 motion to dismiss tests the legal sufficiency of the complaint. <u>Napleton v. Village of Hinsdale</u>, 229 Ill. 2d 296, 305 (2008). On review, the question is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. <u>Napleton</u>, 229 Ill. 2d at 305. Illinois is a fact-pleading jurisdiction, and a plaintiff must allege facts sufficient to bring his claim within the cause of action asserted. <u>Napleton</u>, 229 Ill. 2d at 305. Conclusions of fact or law unsupported by any allegation of specific facts on which these conclusions rest are insufficient to withstand a motion to dismiss. <u>Pooh-Bah Enterprises, Inc. v. County of Cook</u>, 232 Ill. 2d 463, 473 (2009). Our review of an order granting a section 2-615 motion to dismiss is *de novo*.

- 7 -

1-09-1283

Napleton, 229 Ill. 2d at 305.

Plaintiff essentially alleges that the Board, through its trustees, violated his right to equal protection under federal and state law because it granted 34 applications for reinstatement of widow's benefits to individuals similarly situated to him. Plaintiff maintains that he has sufficiently alleged a "class-of-one" equal protection violation.

To state a cause of action under this theory, either under federal or state law, plaintiff must allege that he was treated differently from others who were similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564, 145 L. Ed. 2d 1060, 1063, 120 S. Ct. 1073, 1074 (2000); In re Adoption of K.L.P., 198 Ill. 2d 448, 466 (2002) (the essential test of equal protection is whether the government deals with similarly situated individuals in a similar manner without a rational basis); Jacobson v. Department of Public Aid, 171 Ill. 2d 314, 322 (1996) (equal protection analysis is identical under the United States and Illinois Constitutions). Here, plaintiff has not pled any facts to support the conclusion that there were others situated similarly to him. He does not allege that any of the other 34 people whose pensions were reinstated had been married for less than one year when their spouses died. Accordingly, the circuit court properly granted the Board's motion to dismiss count II of the amended complaint.

Lastly, plaintiff argues that the circuit court erred in granting the Board's motion to expunge a document introduced by plaintiff that was not part of the administrative record. Specifically, plaintiff introduced a letter from the Board as evidence that the Board was aware of his remarriage as of March 2001 in response to the Board's finding that it did not learn of

plaintiff's remarriage until May 2005. Plaintiff argues that the document should have been part of the administrative record and the Board failed to include it.

Section 3-110 of the Administrative Review Law (735 ILCS 5/3-110 (West 2006)) provides that in any administrative review action, review "shall extend to all questions of law and fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." 735 ILCS 5/3-110 (West 2006). The letter was not part of the record before the Board. Moreover, even if it should have been made a part of the record by the Board, whether the Board was aware of his remarriage in 2001 was not relevant to the issues before the Board or the court on review. Accordingly, we find no error.

For all of the foregoing reasons, we affirm the judgment of the circuit court, which confirmed the Board's decision to deny plaintiff's application for reinstatement of a widower's annuity.

Affirmed.

KARNEZIS, J., concurs.

HOFFMAN, J., specially concurs.

1-09-1283

JUSTICE HOFFMAN, specially concurring:

I agree with the result reached by the majority in this case, and I find no need to restate the facts giving rise to this appeal as they are adequately stated in the majority opinion. I write separately, however, to set forth the reasons why I too believe that the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Board) properly denied the application of the plaintiff, Thomas Kaczka, for reinstatement of a widow's annuity benefit.

The Board has the power to authorize the payment of any annuity, pension, or benefit granted under article 5 of the Illinois Pension Code (Code) (40 ILCS 5/5-101, et seq. (West 2008), formerly Ill. Rev. Stat. 1991, ch. 108 1/2, par. 5-101, et seq.) Effective September 3, 1992, the Board awarded the plaintiff a widow's annuity benefit pursuant to article 5 of the Code as a consequence of the death of his wife, Carole Kaczka, a Chicago police officer.

However, at all times relevant, section 5-146 of the Code provided that the widow of a police officer who dies in service has no right to an annuity if the marriage occurred less than one year prior to the police officer's death. Ill. Rev. Stat. 1991, ch. 108 1/2, par. 5-146, now codified at 40 ILCS 5/5-146(a) (West 2008). And, it is undisputed that the plaintiff and Carole Kaczka had only been married 12 days before she died.

The Board has only the power given it by statute, and any order which it enters in excess of that statutory power is void and may be attacked at any time or in any forum, either directly or collaterally. Business & Professional People for the Public Interest v. Illinois Commerce Comm'n., 136 Ill. 2d 192, 243-44, 555 N.E.2d 693 (1989); Kosakowski v. Board of Trustees of the City of Calumet Police Pension Fund, 389 Ill. App. 3d 381, 383, 906 N.E.2d 689 (2009). Consequently, I

- 10 -

agree with the Board's argument that its order awarding the plaintiff a widow's annuity benefit in the first instance exceeded the power conferred upon it by statute and was, as a consequence, void. It follows then that the Board also lacked the statutory authority to reinstate a benefit that it had no authority to grant in the first instance.

However, even assuming, for the sake of argument, that the Board's original order awarding the plaintiff a widow's annuity benefit was voidable, rather than void, I would still affirm the circuit court's judgment in this case. Section 5-189 of the Code grants the Board the power to suspend any annuity, pension, or benefit that was granted as the result of an error. 40 ILCS 5/5-189 (West 2008). In its order of April 2, 2008, denying the plaintiff's application for a resumption of his widow's annuity benefit, the Board specifically found that the annuity benefit awarded to the plaintiff in the first instance was the "result of a clerical error." As with any factual finding of an administrative agency, that finding is held to be prima facie true and correct. 735 ILCS 5/3-110 (West 2008). If, as the Board has found, the original order awarding the plaintiff a widow's annuity was the result of a clerical error, the Board had every right under section 5-189 of the Code to suspend any future payments of that annuity benefit, including by means of an order denying his application for reinstatement brought pursuant to section 5-147 of the Code (40 ILCS 5/5-147 (West 2008); see also Kosakowski, 389 Ill. App. 3d at 384-85 (interpreting a similar statutory provision in article 3 of the Code)).

Finally, for the reasons stated by the majority, I also believe that the circuit court properly dismissed count II of the plaintiff's amended complaint.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

THOMAS KACZKA,

Plaintiff-Appellant,

v.

THE RETIREMENT BOARD OF THE POLICEMEN'S
ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO,

Defendant-Appellee.

## No. 1-09-1283

Appellate Court of Illinois
First District, Second Division

Filed: March 2, 2010

## JUSTICE THEIS delivered the opinion of the court.

Karnezis, J., concurs.
Hoffman, J., specially concurs.

Appeal from the Circuit Court of Cook County
Honorable Martin S. Agran, Judge Presiding

For PLAINTIFF-
APPELLANT: Richard J. Puchalski
 Laura J. Goodloe
 Law Offices of Richard J. Puchalski
 111 W. Washington St., Suite 751
 Chicago, Illinois 60602

For DEFENDANT-
APPELLEE: David R. Kugler
 The Retirement Board of the Policemen's
 Annuity and Benefit Fund of the City of Chicago
 221 N. LaSalle St., Room 1626
 Chicago, Illinois 60601