Third Division
November 24, 2010

No. 1-10-0298

LEONARD RUTKA,                                         )          Appeal from the
                                                      )          Circuit Court of
                    Plaintiff-Appellant,              )          Cook County.
                                                      )
v.                                                    )
                                                      )          09 CH 10300
THE BOARD OF TRUSTEES OF THE CICERO                   )
POLICE PENSION BOARD,                                 )          Honorable
                                                      )          Daniel A. Riley,
                    Defendant-Appellee.               )          Judge Presiding.


_____JUSTICE NEVILLE delivered the opinion of the court:

Leonard Rutka, a police officer with the Cicero police department, requested that the Cicero

Police Pension Board (Pension Board) recalculate his pension benefits. Following a hearing, the

Pension Board denied Rutka's request to recalculate his pension benefits, finding that it lacked

jurisdiction because Rutka's request was not filed within 35 days of its prior final decision as

required by section 3-103 of the Administrative Review Law. 735 ILCS 5/3-103 (West 2002).

Rutka appeals from the order of the trial court, which upheld the Pension Board's decision.

Rutka presents two issues for our review: (1) whether the Pension Board had jurisdiction on

January 27, 2009, to reconsider its January 10, 2005, decision to recalculate his pension benefits; and

(2) whether the Pension Board had jurisdiction to change his creditable service years from 25 to 24

years of service. We find that a final decision was made to approve Rutka's pension benefits on

February 18, 1999, and that no complaint was filed within 35 days of that decision, so the Pension Board did not have jurisdiction on January 10, 2005, to recalculate Rutka's pension. Therefore, we affirm the trial court's order finding that the Pension Board's February 18, 1999, calculation of Rutka's benefits and years of creditable service was proper.

BACKGROUND

The facts material to the disposition of this case are not in dispute. Rutka became an officer with the Cicero police department on February 1, 1974. On April 29, 1997, he was appointed to the position of "Deputy Superintendent." On March 2, 1998, his appointment as deputy superintendent was terminated and he assumed the rank of "Lieutenant."

On February 9, 1999, Rutka entered into a settlement agreement and Release with the Town of Cicero regarding a complaint he filed with the Equal Employment Opportunity Commission alleging age discrimination. Pursuant to the terms of the agreement, Rutka agreed to "voluntarily retire from his position as Lieutenant" as of February 9, 1999. Rutka also received a lump-sum payment of $30,095.35, equal to the amount of his salary between January 11, 1999, through June 30, 1999. Rutka's pension benefits were approved during a Pension Board meeting on February 18, 1999, and his pension benefits were calculated at $65,759.38 based upon the rank of lieutenant. That same day, Rutka's benefits were recalculated based upon the combined rank of deputy superintendent and lieutenant at $68,759.38, pursuant to section 3-111 of the Illinois Pension Code (Code) (40 ILCS 5/3-111(a) (West 2002)). Rutka immediately started receiving his pension benefits.

Approximately six years later, on January 10, 2005, the Pension Board's minutes indicate that Rutka submitted correspondence to the Pension Board requesting that his salary be recalculated to

reflect a base salary of $76,040.64, based upon the rank of deputy superintendent instead of a base salary based upon the combined rank of deputy superintendent and lieutenant. The Pension Board voted to recalculate Rutka's pension pursuant to his request, but the pension benefits voted upon and approved by the Pension Board, during the vote on Rutka's request for modification, were never paid to Rutka.

On July 6, 2007, Rutka sent a letter to the Pension Board requesting a hearing before the Pension Board to recalculate his pension benefits based upon the salary rate of a deputy superintendent. A hearing on Rutka's request was held on October 10, 2008, and on January 27, 2009, the Pension Board entered a decision and order denying Rutka's request for modification. The Pension Board held: (1) that it lost jurisdiction 35 days after its February 18, 1999, final decision on payment of benefit, and (2) that Rutka was not entitled to creditable service for the period of time represented in the lump sum amount pursuant to the terms of the settlement agreement.

On March 6, 2009, Rutka filed a complaint in the trial court for administrative review of the Pension Board's January 27, 2009, decision denying his request for modification of his pension benefits. The trial court held that the Pension Board's 1999 decision was proper and that the Pension Board was estopped from changing Rutka's creditable service from 25 years to 24 years. Ruta filed the instant appeal on January 28, 2010.

## ANALYSIS

### Standard of Review

In this case, we must determine whether the Pension Board had jurisdiction on January 10, 2005, to modify its prior decision entered on February 18, 1999. Because this jurisdictional issue

presents a question of law, our review is *de novo.* Blount v. Stroud, 232 Ill. 2d 302, 308-09 (2009),

citing In re A.H., 207 Ill. 2d 590, 593 (2003) (applying a *de novo* standard to the jurisdiction issue).

Finally, we review the decision of the administrative agency rather than the decision of the circuit

court. Wade v. City of North Chicago Police Pension Board, 226 Ill. 2d 485, 504 (2007).

Jurisdiction

On appeal, Ruta argues that the Pension Board lacked jurisdiction on January 27, 2009, to

reconsider its January 10, 2005, decision to recalculate his pension. However, before reaching this

issue, we must determine whether the Pension Board's February 18, 1999, decision on Rutka's

pension benefits was final and whether the Pension Board had jurisdiction to recalculate Rutka's

pension benefits on January 10, 2005.

The Cicero Pension Board is governed by article 3 of the Code, which regulates and

establishes the powers of police pension boards in municipalities such as Cicero whose populations

are between 5,000 and 500,000 inhabitants. 40 ILCS 5/3-148 (West 2006). Pursuant to section 3-

148 of the Code, " '[t]he provisions of the Administrative Review Law, and all amendments and

modifications thereof and rules adopted pursuant thereto, shall apply to and govern all proceedings

for the judicial review of final administrative decisions of the retirement board provided for under

this [a]rticle.' " Kosakowski v. Board of Trustees of City of Calumet City Police Pension Fund, 389

Ill. App. 3d 381, 383 (1st Dist., 2009), quoting 40 ILCS 5/3-148 (West 2006).

Section 3-103 of the Administrative Review Law provides, in pertinent part, that "[e]very

action to review a final administrative decision shall be commenced by the filing of a complaint and

the issuance of summons within 35 days from the date that a copy of the decision sought to be

4

reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2002); Kosakowski, 389 Ill. App. 3d at 383 . Therefore, the Pension Board, an administrative agency, lacks jurisdiction to reconsider its final decisions after the expiration of the 35-day period. Kosakowski, 389 Ill. App. 3d at 384, citing Sola v. Roselle Police Pension Board, 342 Ill. App. 3d 227, 231 (2003).

The record establishes that Rutka and the Town of Cicero entered into a settlement agreement and Rutka agreed to voluntarily retire effective February 9, 1999. Pursuant to the settlement agreement, on February 18, 1999, the Pension Board made a decision to approve Rutka's pension benefits pursuant to section 3-111 of the Pension Code, which provides in pertinent part:

> "(a) A police officer age 50 or more with 20 or more years of creditable service *** shall receive a pension of ½ of the salary attached to the rank held by the officer on the police force for one year immediately prior to retirement or, beginning July 1, 1987 for persons terminating service on or after that date, the salary attached to the rank held on the last day of service or one year prior to the last day, whichever is greater." 40 ILCS 5/3-111(a) (West 2002).

Rutka's salary was calculated at $65,759.38 based upon his rank as lieutenant at the time of retirement with 25 years of service. That same day, Rutka's salary was recalculated based upon a combined rank of deputy superintendent and lieutenant at $68,759.38 with 25 years of service. In addition, Rutka executed and swore in a Police Pension Trust Fund document that the pension benefits calculations were true and correct, and he immediately began receiving his benefits.

The Administrative Review Law defines an administrative decision as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2002). " ' "A final and binding decision by an administrative agency *requires,* at the very least, that the agency has taken some definitive action with regard to the application before it and that the applicant has been informed of the action." ' " Sola, 342 Ill. App. 3d at 231-32, quoting Key Outdoor, Inc. v. Department of Transportation, 322 Ill. App. 3d 316, 324 (2001), quoting Illinois Wood Energy Partners, L.P. v. County of Cook, 281 Ill. App. 3d 841, 851 (1995). On February 18, 1999, the Pension Board took definitive action which affected Rutka's legal rights when he was awarded and received pension benefits based upon 25 years of service and the decision terminated the proceedings before the Pension Board. Therefore, the Pension Board's February 18, 1999, decision approving Rutka's pension benefits was a final decision. See Kosakowski, 389 Ill. App. 3d at 384 (the board issued its final decision when it awarded the plaintiff a disability pension and calculated his monthly benefits).

Section 3-103 requires a party seeking administrative review of a final Pension Board decision to file a complaint and issue a summons within 35 days after the Pension Board makes its final decision. 735 ILCS 5/3-103 (West 1998). The record is clear that neither Rutka nor the Pension Board filed a complaint or issued a summons within 35 days after the Pension Board made its final decision and approved Rutka's benefits as required by section 3-103. 735 ILCS 5/3-103 (West 1998). Therefore, because a final decision was made to approve Rutka's pension benefits on February 18, 1999, and no complaint was filed in the circuit court within 35 days of that decision,

the Pension Board did not have jurisdiction on January 10, 2005, or on January 27, 2009, to recalculate Rutka's pension.  Kosakowski, 389 Ill. App. 3d at 384, citing Sola, 342 Ill. App. 3d at 231.

Rutka also argues that the Pension Board made an "error" when it combined his salary as Deputy Superintendent with his salary as lieutenant to calculate his pension, and that the error could be corrected by invoking section 3-144.2 of the Pension Code.  Both Rutka and the Pension Board rely upon the Kosakowski court's interpretation of section 3-144.2 to support their positions.  Section 3-144.2 gives the Pension Board the authority to modify pension benefits based upon an "*overpayment*, due to fraud, misrepresentation or error, of any pension or benefit granted under" the Pension Code. (Emphasis added.) 40 ILCS 5/3-144.2 (West 2006).  In Kosakowski, the court interpreted section 3-144.2 because of an appeal by the Pension Board challenging an alleged *overpayment* to one of its pensioners.  Kosakowski, 389 Ill. App. 3d at 384-87.  This case does not involve an "overpayment" of pension benefits but an underpayment of benefits.  Therefore, Rutka's reliance on Kosakowski is misplaced.  If the legislature intended for section 3-144.2 to apply to the underpayments of pension benefits, it would have included that language.  See Roselle Police Pension Board v. Village of Roselle, 232 Ill. 2d 546, 552 (2009) (the best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning). Accordingly, we hold that the legislature did not intend for section 3-144.2 of the Pension Code to be used to correct alleged underpayments of pension benefits.

CONCLUSION

We find that the Pension Board had no jurisdiction on January 10, 2005, or on January 27,

2009, to recalculate Rutka's pension benefits, because no administrative review action was filed within 35 days after the Pension Board entered its final decision on February 18, 1999. Kosakowski, 389 Ill. App. 3d at 383-84, citing Sola, 342 Ill. App. 3d at 231. Therefore, we affirm the trial court's order finding that the Pension Board's February 18, 1999, calculation of Rutka's benefits and years of creditable service was proper.

Affirmed.

QUINN, P.J., and STEELE, J., concur.