GERALD MARKHAM, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE KANKAKEE FIREMAN'S PENSION FUND, Defendant-Appellee.

Third District   No. 3—89—0597

Opinion filed June 18, 1990.

Leonard F. Sacks, of Sacks & Albrecht, of Kankakee (Adrienne Albrecht, of counsel), for appellant.

Butz, Jaffe, Collins, O'Connor & Burnett, of Kankakee (Duane J. O'Connor, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Appellant, Gerald Markham, appeals from an order entered by the circuit court on August 28, 1989, affirming appellee's prior administrative decision of March 2, 1988. The circuit court determined that appellant waived his right to seek administrative review of a denial of a line-of-duty disability pension by his subsequent application for a non-service-connected disability pension.

Appellant joined the Kankakee fire department as a fire fighter in 1971. When called upon to fight his first fire which required the use of an airpack, he had a problem with the face mask, resulting in him inhaling smoke. From that point on, appellant experienced difficulty in performing fire fighting duties whenever he was required to wear an airpack with a face mask. Because of this difficulty, appellant was reassigned as an emergency medical technician (EMT). He worked as an EMT for three years, during which time he still had difficulty wearing a face mask, although apparently able to perform all other duties. Appellant was later assigned to the Fire Prevention Bureau, where he continued to have problems wearing a face mask. In 1985, appellant was again assigned to basic fire fighter status until a medical leave in 1987. From 1985 to 1987, several complaints were made about appellant because of his inability to wear a face mask. The parties generally do not dispute that appellant is entitled to some form of disability pension.

On November 21, 1987, appellant made a written request to appellee for a line-of-duty disability pension. Appellee considered appellant's request on February 24, 1988, and March 2, 1988, based upon the reports of three physicians who had previously evaluated the applicant's condition. Appellee denied appellant's request for a line-of-duty disability pension on March 2, 1988. On that same day, appellant made a separate and specific written request for a nonservice disability pension, which was granted by appellee on March 7, 1988.

On April 5, 1988, appellant filed a complaint for judicial review of the appellee's March 2, 1988, denial of a line-of-duty disability pension. By memorandum opinion filed July 10, 1989, the circuit court determined that the appellee's decision of March 2, 1988, should be affirmed on the basis that appellant, by making a request for a nonservice disability pension, waived his right to pursue judicial review of the March 2, 1988, ruling. An order of the court was subsequently entered on August 28, 1989.

The issue for review is whether the circuit court erred in affirming the March 2, 1988, decision of appellee denying appellant's request for a line-of-duty disability pension on the basis that appellant waived his right to pursue judicial review of the ruling by his subsequent request for a nonservice disability pension. In other words, has appellant made an election of remedies?

The circuit court's primary concern was that if appellant was successful in getting appellee's March 2, 1988, decision overturned, he would be in a position of receiving a double recovery. The circuit court noted that the March 7, 1988, decision granting appellant's request for a nonservice disability pension was a separate proceeding and not subject to review, as no appeal had been perfected within 35 days.

■ We disagree that appellant, if successful in obtaining a line-of-duty disability pension, would reap a double recovery by being the benefactor of two separate disability pensions. Under the Illinois Pension Code (Code), sections 4—122 and 4—123, appellee has the authority to control and manage the pension fund. (Ill. Rev. Stat. 1987, ch. 108½, pars. 4—122, 4—123.) Moreover, under section 4—112 of the Code, appellee has the authority to make redeterminations of disability benefits upon providing proper notice to the fire fighter. (Ill. Rev. Stat. 1987, ch. 108½, par. 4—112.) We believe this section is worded broadly enough to vest appellee with authority to review and possibly terminate appellant's nonservice disability pension in this case. As further support, it appears that the intent of this Code is to provide a fire fighter with a pension upon retirement, disability or the suffering of an occupational disease, but is not intended to provide duplicate

pensions to one single fire fighter.

■■ Nor do we believe appellant, either expressly or impliedly, waived his right to pursue his line-of-duty disability pension. Although appellant did apply for a nonservice disability pension after appellee denied his line-of-duty disability pension request, we do not believe this indicates an intention by appellant to forego any further action after the denial. A complainant in civil court is not prevented from pleading in the alternative (see Ill. Rev. Stat. 1987, ch. 110, par. 2—604) and then pursuing an appeal if complainant's first choice of recovery is denied. Although appellant may have gone about asking for alternative remedies in a slightly improper manner, we do not believe that defendant's method should work to prejudice him from pursuing relief of what he believes to be an improper decision by appellee.

The circuit court in this cause affirmed the March 2, 1988, decision of appellee solely on the basis of waiver and the threat of double recovery. We therefore reverse the circuit court's order of August 28, 1989, and remand the cause to the circuit court for the purpose of reviewing the evidence presented at the administrative hearing and determining whether appellee's denial of appellant's request for a line-of-duty disability pension was against the manifest weight of the evidence.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.