JOHN PHILPOTT, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE CITY OF CHARLESTON FIREFIGHTERS' PENSION FUND, Defendant-Appellee.

Fourth District    No. 4—09—0280

Argued October 21, 2009.—Opinion filed January 12, 2010.

H. Kent Heller (argued) and David Stevens, both of Heller, Holmes & Associates, P.C., of Mattoon, for appellant.

Charles H. Atwell, Jr. (argued), of Atwell & Atwell, of Aurora, for appellee.

JUSTICE POPE delivered the opinion of the court:

In April 2009, the circuit court filed an order denying plaintiff John Philpott's complaint for administrative review. Plaintiff appeals, arguing the court erred in confirming the September 2008 decision of defendant, the Board of Trustees of the City of Charleston Firefighters' Pension Fund (Board), which set a commencement date of February 1, 2008, for plaintiff's "not-on-duty" disability pension. Plaintiff asks this court to reverse the judgment of the circuit court and remand this case for the Board to enter a commencement date of June 1, 2005. We affirm.

## I. BACKGROUND

Plaintiff began working as a firefighter for the City of Charleston (City) in April 1997. Plaintiff is a fully vested member in the City's Firefighters' Pension Fund (Pension Fund). On April 6, 2004, plaintiff suffered a C2/C3 spinal-cord injury while working as a volunteer at a new firefighter training facility the City was constructing.

On June 1, 2005, plaintiff applied for a "line-of-duty" disability pension with the Fund pursuant to section 4—110 of the Illinois Pension Code (Code) (40 ILCS 5/4—110 (West 2004)). Article 4 of the Pension Code concerns the Firefighters' Pension Fund for municipalities with a population of 500,000 or fewer people. See 40 ILCS 5/4—101 through 4—144 (West 2004). On August 9, 2006, plaintiff filed a motion to voluntarily withdraw his "line-of-duty" disability pension application. Plaintiff's request to voluntarily withdraw his application did not incorporate any reservations of right to refile, reinstate, or amend his application for a "line-of-duty" or "not-on-duty" disability pension.

The motion was granted on August 29, 2006. The record is unclear why plaintiff moved to voluntarily withdraw this application. Plaintiff's reply brief attempts to explain why he moved to withdraw his application for a "line-of-duty" disability pension. However, the reasons plaintiff gives are outside the record on appeal and will not be considered by this court. The Administrative Review Law specifically limits judicial review to the administrative record, and, therefore, this court may not hear new or additional evidence in support of, or in opposition to, the decision of the Board. 735 ILCS 5/3—110 (West 2008); see also *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532, 870 N.E.2d 273, 292 (2006).

On February 1, 2008, plaintiff filed a new application with the Pension Fund seeking a "not-on-duty" disability pension pursuant to section 4—111 of the Code (40 ILCS 5/4—111 (West 2004)). This application was based on the same incident identified in his June 2005 application for a "line-of-duty" disability pension. Plaintiff requested his pension benefits be paid retroactive to June 1, 2005.

On September 3, 2008, the Board granted plaintiff a "not-on-duty" disability pension. The Board ordered the benefits be paid retroactive to February 1, 2008, which was the date plaintiff filed his application for a "not-on-duty" disability pension with the Board.

On September 22, 2008, plaintiff filed a complaint for administrative review in the circuit court. In his complaint, plaintiff argued the Board erred in setting the commencement date as February 1, 2008, and that this error was against the manifest weight of the evidence. According to plaintiff, the proper commencement date was June 1, 2005, the date plaintiff filed his initial "line-of-duty" disability pension application. In October 2008, the Board filed its answer to plaintiff's complaint.

In March 2009, the circuit court held a hearing. Later that month, the court sent an opinion letter to the parties, confirming the Board's decision. In April 2009, the court filed an order, incorporating its opinion letter and affirming the decision of the Board.

This appeal followed.

## II. ANALYSIS

The sole issue raised in plaintiff's brief in this case is whether the Board should have made his "not-on-duty" disability pension benefits retroactive to June 1, 2005, the date plaintiff filed his application for a "line-of-duty" disability pension, which he voluntarily withdrew almost a year and a half prior to filing his second application. In making its decision, the Board relied on this court's order in *Towles v. Charleston Firefighters' Pension Fund Board of Trustees*, No. 4—06—0369 (May 15, 2008) (unpublished order pursuant to Supreme Court Rule 23). In administrative cases, we review the decision of the administrative agency, not the decision of the circuit court. *Marconi*, 225 Ill. 2d at 531, 870 N.E.2d at 292. Because the parties do not dispute the facts in this case but simply the date on which plaintiff's "not-on-duty" disability pension should have commenced, this is an issue of law, which we review *de novo*. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995). However, particular arguments that were not presented to the administrative board are forfeited and should not be considered on appeal. *Provena Health v. Illinois Health Facilities Planning Board*, 382 Ill. App. 3d 34, 50, 886 N.E.2d 1054, 1068 (2008).

The purpose of the Code is beneficial in nature and, as a result, must be liberally construed in favor of the covered worker. See generally *Wilfert v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 263 Ill. App. 3d 539, 543, 640 N.E.2d 1246, 1249 (1994). The parties do not cite anything in the statute that even arguably addresses how the retroactivity of benefits should be determined. However, according to plaintiff, when the Code is construed in his favor, his "not-on-duty" disability pension should have had a commencement date of June 1, 2005, *i.e.*, the date he filed his application for a "line-of-duty" disability pension.

While the Code is to be liberally construed in favor of the covered worker, this does not mean the Board erred in setting February 1, 2008, instead of June 1, 2005, as the commencement date of plaintiff's "not-on-duty" disability pension. The Board has a fiduciary obligation to all participants and beneficiaries in the Pension Fund, not just plaintiff. See *Marconi*, 225 Ill. 2d at 543-44, 870 N.E.2d at 299.

According to our supreme court:

> "Perhaps the most important function of a pension board is to ensure adequate financial resources to cover the Board's obligations to pay current and future retirement and disability benefits to those who qualify for such payments. An important part of this responsibility involves screening of unqualified or fraudulent disability claims, so that funds are not unfairly diverted to undeserving applicants." *Marconi*, 225 Ill. 2d at 544, 870 N.E.2d at 299.

By including this language, we do not mean to imply plaintiff was not qualified or deserving of his disability pension or that his claim was fraudulent in any manner. The parties do not dispute plaintiff suffered severe injuries and is deserving of a disability pension. Nonetheless, pension boards cannot and should not pay a beneficiary more than that to which he or she is entitled.

Plaintiff cites *Markham v. Board of Trustees of the Kankakee Fireman's Pension Fund*, 198 Ill. App. 3d 602, 555 N.E.2d 1270 (1990), as authority for the proposition his filing of a second application seeking a "not-on-duty" pension did not extinguish his initial application for a "line-of-duty" disability pension. However, the filing of the second application had nothing to do with extinguishing plaintiff's initial filing. The Board extinguished plaintiff's initial claim on plaintiff's request long before plaintiff filed his second application.

The Board states in its brief:

> "It is unrealistic for [p]laintiff to request that his benefits shall relate back to a time prior to the filing of an application. Such a claim of entitlement would further subject a pension board to uncertainty as to the extent of its financial exposure for claims that have yet to come to fruition and the 'funding' of the same."

We agree. Pension boards need to know what potential claims are outstanding so they can effectively manage available funds. Applications for disability pensions provide this awareness. Plaintiff asked to voluntarily withdraw his initial application for disability benefits and the Board allowed his request. As a result, the claim was no longer an active concern of the Board.

The Board's decision to allow plaintiff to withdraw his application for a "line-of-duty" pension terminated any proceedings before the Board. No review of that decision was sought by either party. The Board's August 29, 2006, order allowing the voluntary withdrawal contained the following language:

> "THIS IS A FINAL AND REVIEWABLE DECISION. THE APPLICANT, PURSUANT TO ARTICLE 3 OF THE ILLINOIS CODE OF CIVIL PROCEDURE (735 ILCS 5/3—101 ET SEQ.), HAS A RIGHT TO SEEK JUDICIAL REVIEW OF THE BOARD'S DECISION; HOWEVER, A COMPLAINT FOR REVIEW MUST BE FILED WITHIN THIRTY-FIVE (35) DAYS FROM THE DATE THAT A COPY OF THE DECISION SOUGHT TO BE REVIEWED WAS SERVED UPON THE APPLICANT. PLEASE REFER TO THE APPROPRIATE ILLINOIS STATUTE FOR FURTHER REFERENCE."

The Board is governed by article 4 of the Code, which, as stated previously, concerns the Firefighters' Pension Fund for municipalities with a population of 500,000 or fewer people. Section 4—139 of the Code, which is part of article 4, provides the "provisions of the Administrative Review Law [(735 ILCS 5/3—101 through 113 (West 2008))] *** shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board provided for under this [a]rticle." 40 ILCS 5/4—139 (West 2004).

Under section 3—103 of the Administrative Review Law:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3—103 (West 2008).

This 35-day limit is jurisdictional. *Rossler v. Morton Grove Police Pension Board*, 178 Ill. App. 3d 769, 773, 533 N.E.2d 927, 930 (1989). Accordingly, when the Board allowed plaintiff's motion to withdraw his line-of-duty pension application, that was a final decision. Thirty-five days thereafter, the Board lost jurisdiction over that application.

At the oral argument in this case, plaintiff argued his pension should be made retroactive to his last day of pay, which according to plaintiff's testimony before the Board was sometime in April 2005. However, the record on appeal does not reflect plaintiff ever argued to

the Board his pension should be made retroactive to his last day of pay. Moreover, this argument was not made in plaintiff's brief to this court, nor could it have been made under the circumstances here—where this argument was never made to the Board. As a result, plaintiff forfeited this argument. See *Provena Health*, 382 Ill. App. 3d at 50, 886 N.E.2d at 1068.

Consequently, the Board did not err when it set the commencement of plaintiff's "not-on-duty" disability pension at February 1, 2008, the date he applied for the "not-on-duty" disability pension.

Both plaintiff and the Board cite this court's unpublished order in *Towles* in their briefs. Technically, pursuant to Illinois Supreme Court Rule 23(e) (eff. May 30, 2008), "[a]n unpublished order of the court is not precedential and may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel[,] or law of the case." This court's decision in *Towles* does not fall into any of these categories.

It is understandable why the parties felt the need to cite and discuss this case, considering the Board was the defendant in *Towles* and relied on *Towles* in establishing the date to set as the retroactive starting date for plaintiff's "not-on-duty" disability pension.

However, this court's ruling in *Towles* is not precedential. See Ill. S. Ct. R. 23(e) (eff. May 30, 2008). Further, even reviewing this case for persuasive value, it is of no help to plaintiff. It does not support his argument the retroactive start date for his "not-on-duty" disability pension should have been the day he filed his initial application, which he subsequently voluntarily dismissed nearly a year and a half prior to filing the application that was approved.

### III. CONCLUSION

For the reasons stated, we affirm the Board's decision.

Affirmed.

KNECHT and TURNER, JJ., concur.