# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Lelis v. Board of Trustees of the Cicero Police Pension Fund**, 2013 IL App (1st) 121985

---

| | |
|---|---|
| Appellate Court Caption | LORI A. LELIS, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE CICERO POLICE PENSION FUND, THOMAS KURATKO, KENNETH BENSON, JOSEPH FEULNER, CHARLES HERNANDEZ, KENNETH LYONS, in Their Official Capacity, and THE CICERO POLICE PENSION FUND, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1985 |
| Filed | May 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff was entitled to an opportunity to pursue her 2011 claim for "line of duty" disability benefits arising from the back injury she suffered in her work as a police officer, notwithstanding the fact her 1999 claim for benefits based on a back injury she suffered while lifting a body was denied on the ground that she was not disabled at that time, since the 1999 claim did not mention the lupus diagnosis that was raised in the 2011 claim, the 2011 claim was not a request for reconsideration of the denial of the 1999 claim but rather was a new claim seeking benefits based on the aggravation of the earlier injury by the lupus diagnosis, and neither collateral estoppel nor *res judicata* applied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-43037; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Hughes Socol Piers Resnick & Dym, Ltd., of Chicago (Terence J. Moran, Karyn L. Bass, and Mark A. Cisek, of counsel), for appellant.

Atwell & Atwell Law Offices, of Aurora (Charles H. Atwell, of counsel), for appellees.

Panel

JUSTICE PIERCE delivered the judgment of the court, with opinion.
Presiding Justice Neville and Justice Sterba concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiff Lori Lelis filed an application for "line of duty" disability benefits on March 5, 2011 pursuant to section 3-114.1 of the Illinois Pension Code (the Code). 40 ILCS 5/3-114.1 (West 2010). The Board of Trustees of the Cicero Police Pension Fund (the Board) did not hear the merits of Lelis's 2011 application. Instead, the Board found as a preliminary basis that it did not have jurisdiction over her 2011 application. The Board characterized her application as a request to reconsider a previously adjudicated application for benefits which was denied in 2000. The Board also ruled that the doctrines of *res judicata* and collateral estoppel barred consideration of her 2011 request.

¶ 2 Lelis filed a complaint in the circuit court of Cook County against the Board and its individual members (collectively the Board) seeking administrative review of the Board's decision. On June 5, 2012, the circuit court dismissed her complaint. The circuit court found that it did not have jurisdiction to hear the matter presented and found that the Board's refusal to hear the application was "not against the manifest weight of the evidence, clearly erroneous or contrary to the law." In this appeal Lelis argues: (1) the Board erred in refusing to hear the merits of her 2011 application where a new factual basis was asserted in support of her claim; (2) the circuit court erred in affirming the Board's order refusing to hear the merits of the 2011 application where new allegations were asserted; and (3) the Board erred in refusing to hear the application, finding it was barred by the doctrines of *res judicata* and collateral estoppel. Lelis filed a timely notice of appeal on July 5, 2012 pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. May 30, 2008). For the following reasons, we reverse the Board's and circuit court's decisions and remand this matter to the Board for further proceedings consistent with this opinion.

¶ 3                                          BACKGROUND

¶ 4 Plaintiff, Lori Lelis, was hired as a police officer and became a vested member of the Cicero Police Pension Fund on October 16, 1986. On March 10, 1999, Lelis filed an application for "line of duty" pension benefits with the Board (the 1999 application). Plaintiff

alleged in that matter that she was injured on March 28, 1998, while lifting a dead body onto a stretcher while in the course of her police duties. The Board denied her application for "line of duty" pension benefits on March 30, 2000, finding her not disabled at that time.

¶ 5    Subsequently, Lelis filed a complaint in the circuit court of Cook County for administrative review in April of 2000. The circuit court sustained the Board's March 30, 2000 administrative decision to deny "line of duty" benefits sought in the 1999 application. Plaintiff did not appeal the circuit court's ruling.

¶ 6    Eleven years later, on January 11, 2011, Lelis sent a letter to the Board requesting "line of duty" disability benefits. In completing the Board's interrogatories and request for production, plaintiff wrote that her injuries occurred on March 28, 1998 and January 2010. Plaintiff described her injury and illness as "physical–lower back" and "lupus–internal disease." In her 2011 application and correspondence with the Board, plaintiff stated that she worked for the police department on light duty assignments from May 2000 through to the date of the application, asserting the light duty assignment was not a permanent assignment.

¶ 7    Thereafter, the Board held several meetings where the 2011 application was placed on the agenda. Lelis was present at those meetings. On November 18, 2011, the Board denied her application. The Board, without hearing evidence, concluded her 2011 application was a request to reconsider her 1999 application and, therefore, it did not have jurisdiction to reconsider the March 20, 2000 decision which denied benefits for the 1998 injury. Additionally, the Board found her 2011 application was barred by the doctrines of *res judicata* and collateral estoppel.

¶ 8    Lelis filed an action for administrative review in the circuit court of Cook County on December 15, 2011. In answer, the Board filed the entire administrative record in this matter including, *inter alia*, its November 18, 2010 decision and order, correspondence from Lelis, a form application for benefits, a memorandum from plaintiff's counsel regarding her condition and arguments in support of the Board's jurisdiction and transcripts of proceedings wherein the application was discussed. 735 ILCS 5/3-108(b) (West 2010). In affirming the decision and order, the circuit court found the 2011 application was "void of any supporting allegation and/or documentation which may be sufficient in law to support a current accident, injury and/or claim." The circuit court also found that the Board's decision was "not against the manifest weight of the evidence, clearly erroneous or contrary to law." This appeal followed.

¶ 9                                    ANALYSIS

¶ 10    In reviewing a final administrative decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)), this court's role is to review the administrative decision rather than the circuit court's decision. *CBS Outdoor, Inc. v. Department of Transportation*, 2012 IL App (1st) 111387, ¶ 26. The Administrative Review Law provides that our review extends to all questions of fact and law presented by the entire record. 735 ILCS 5/3-110 (West 2010); *Aurora Manor, Inc. v. Department of Public Health*, 2012 IL App (1st) 112775, ¶ 18; *Eschbach v. McHenry Police Pension Board*, 2012 IL App (2d) 111179 ¶¶ 16, 18; *International Union of Operating Engineers, Local 148 v. Illinois Department of*

*Employment Security*, 215 Ill. 2d 37, 61 (2005). The statute, however, specifically limits judicial review to the administrative record. 735 ILCS 5/3-110 (West 2010); *Robbins v. Board of Trustees of the Carbondale Police Pension Fund*, 177 Ill. 2d 533, 538 (1997). The appropriate standard of review concerning administrative decisions is contingent upon whether the question being reviewed is one of fact, one of law, or a mixed question of fact and law. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998).

¶ 11    As a preliminary matter, Lelis and the Board assert different standards for review of the Board's November 18, 2011 order. Lelis argues that our review is *de novo* as the Board merely considered the threshold issue of jurisdiction and did not make findings of fact or decide the 2011 application on the merits. The Board contends the clearly erroneous standard applies in this instance since the Board's decision involved applying the doctrines of *res judicata* and collateral estoppel to the facts asserted in the application.

¶ 12    If the question is one of law, this court's standard of review is *de novo*. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995). Under the *de novo* standard, little or no deference is afforded the decision-maker's ruling. *Branson*, 168 Ill. 2d at 254. If, however, review of an agency's decision involves a mixed question of law and fact, we apply the "clearly erroneous" standard of review, affording some deference to the agency's experience and expertise, reversing only when we are left with the "definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Cinkus v. Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008). A reviewing court does not give the same deference to an administrative agency's conclusions of law as to its findings of fact. *North Avenue Properties, L.L.C. v. Zoning Board of Appeals*, 312 Ill. App. 3d 182, 185 (2000). "However, if the agency relies on factors that the statute does not intend, fails to consider an issue, or the decision is so implausible, the decision may be reversed as arbitrary and capricious." *Ellison v. Illinois Racing Board*, 377 Ill. App. 3d 433, 440-41 (2007).

¶ 13    In the case *sub judice*, our review is *de novo*. Whether an administrative body has jurisdiction to adjudicate a claim for benefits is a question of law and is reviewed *de novo*. *Illinois Health Maintenance Organization Guaranty Ass'n v. Department of Insurance*, 372 Ill. App. 3d 24, 31 (2007). In addition, the question of whether the doctrines of *res judicata* and collateral estoppel bar claims are questions of law, subject to *de novo* review. *Dowrick v. Village of Downers Grove*, 362 Ill. App. 3d 512, 515 (2005); *Illinois Health Maintenance Organization Guaranty Ass'n v. Department of Insurance*, 372 Ill. App. 3d 24, 31 (2007).

¶ 14    We now turn to the issues on appeal: whether the Board had jurisdiction to decide Lelis's 2011 application and whether the Board was barred from considering the merits of her application under the principals of *res judicata* and collateral estoppel.

¶ 15                          I. Jurisdiction of the Board

¶ 16    First, Lelis argues that the Board and the circuit court erred in finding that the 2011 Application was a request for reconsideration of it's denial of "line of duty" benefits under her 1999 application. The Board argues that its 2000 decision cannot be reconsidered or

-4-

modified after the 35-day review period proscribed by the Pension Code and, therefore, it does not have jurisdiction under the Pension Code to adjudicate her 2011 application. 40 ILCS 5/3-148 (West 2010).

¶ 17    Jurisdiction of an administrative agency is "[t]he regulatory or adjudicative power of a government administrative agency over a subject matter or matters." Black's Law Dictionary 928 (9th ed. 2009). The Board is an administrative agency empowered to act only by the authority granted to it under law. *Rossler v. Morton Grove Police Pension Board*, 178 Ill. App. 3d 769, 773 (1989). An administrative agency may allow a rehearing only when permitted by statute and within the timing considerations provided by that statute. *Klaren v. Board of Fire & Police Commissioners*, 99 Ill. App. 2d 356, 360-61 (1968). Section 3-103 of the Administrative Review Law provides:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3-303 (West 2010).

The Cicero pension board is governed by article 3 of the Code. 40 ILCS 5/3-148 (West 2010); *Rutka v. Board of Trustees of the Cicero Police Pension Board*, 405 Ill App. 3d 563, 566 (2010). The Pension Code adopted the Administrative Review Law, which provides a 35-day review period of orders, however, it does not permit a rehearing on or an appeal from orders 35 days after their entry. 40 ILCS 5/3-148 (West 2010); *Rossler v. Morton Grove Police Pension Board*, 178 Ill. App. 3d 769, 773-74 (1989). The Code also does not allow extensions to the 35-day period for review. *Id*. at 774. The Code is beneficial in nature and is to be liberally construed in favor of the beneficiary. *Philpott v. Board of Trustees of the City of Charleston Firefighters' Pension Fund*, 397 Ill. App. 3d 369, 372 (2010).

¶ 18    The Board's denial of the 2011 application was based on its conclusion that the cause of the claimed disability involved an injury and claim for benefits which was previously finally adjudicated in 2000 and, thus, the Board lacked jurisdiction to either (1) reconsider its earlier 2000 finding; or (2) consider the merits of the 2011 application which referenced the 1998 injury along with an illness diagnosed in 2010 which arguably aggravated the earlier injury. The circuit court's and the Board's orders at issue in this case are premised on the same analysis.

¶ 19    In 2000, the Board denied Lelis's request for "line of duty" benefits for the claimed 1998 injury to her lower back. The circuit court affirmed that ruling and no further appeal was taken. The Board argues that Lelis is improperly contending on appeal that lupus exacerbated the 1998 injury without first having raised that argument before the Board. For the reasons that follow, we find these arguments unpersuasive.

¶ 20    The administrative record contains various documents referenced in the decision and order which set forth the events leading up to the Board's denial of Lelis's new application. On January 11, 2011, Lelis sent a letter requesting "line of duty" benefits to the Board. Lelis filed a form prepared by the Board entitled "Application for Pension" (application) dated March 5, 2011. In the upper right-hand corner of the application, a handwritten notation "amended" appears. The application contained 4 questions regarding the nature of the

relevant injury or illness and 10 questions requesting biographical information. Lelis also submitted answers to the Board's interrogatories and production requests which indicate the requested benefits were claimed as of December 9, 2010.[1] The interrogatories were comprised of 26 questions regarding the nature of the injury and medical treatment. Specifically, one interrogatory asks, "[d]escribe fully the sickness(es), illness(es) or injury(ies) (i.e. physical or mental) of which you are complaining, and fully describe the parts of the body involved or affected." Lelis answered, "physical–lower back" and "lupus–internal disease." On March 7, 2011 and March 14, 2011, Lelis sent letters to the Board expressing dissatisfaction on how her case was being handled and questioned whether she was being fairly treated. She also wrote that she suffered from a chronic autoimmune disease that "restricts my abilities to perform the duties of a police officer." On April 11, 2011 the Board sent Lelis notice that a hearing was scheduled to determine jurisdiction over her claim. The notice advised that her application references a specific incident of March 28, 1998 resulting in a lower back injury. The notice refers to the earlier denial of that claim in 2000 and explains that her 2011 application involves the same operative facts. On June 9, Lelis's attorney submitted a memorandum that set forth her current physical condition, referencing both her back injury and the lupus diagnosis, as the basis for her application and arguments in support of the Board's jurisdiction over her application for "line of duty" benefits. The Board later denied her application without hearing evidence. The decision and order specifically references the above-mentioned documents and correspondence.

¶ 21    First, the Board contends that Lelis has failed to argue before the Board that her back injury was aggravated by her illness and therefore any mention of the aggravation should be waived in this appeal. We disagree. The administrative record shows Lelis's 2011 request for "line of duty" benefits references both the 1998 injury to her lower back and her 2010 diagnosis of lupus, a chronic autoimmune disease. In response to the Board's interrogatories, Lelis answered that her back injury was aggravated or exacerbated due to her disease. In addition, in written submissions to the Board via letters and legal memorandum, Lelis and her attorney explained that in 2010 she was diagnosed with the disease lupus, which affects her joints and muscles and restricts her ability to perform duties as a police officer. Lelis further stated that since 1998 she "has endured an increasingly degenerative back injury that has worsened because of a separate diagnosis of Lupus." Therefore, we find Lelis is not barred from arguing that in her submissions to and at meetings with the Board that she requested "line of duty" benefits due to the aggravation of a previous injury due to her illness.

¶ 22    Second, the Board considered this reference of the 1998 injury was sufficient to allow for the characterization of her application to be a request for reconsideration of the 2000 denial of benefits regardless of the new fact asserted, her illness. The Board found that Lelis's 2011 application was not an inconsistent position from her 1999 application. The

---

[1] During oral argument the Board explained Lelis initially sent the January 11, 2011 letter requesting disability benefits which caused the Board to send her the appropriate "Application" form. The Board agreed that Lelis likely completed the request to produce and interrogatories and submitted them with the completed application.

record does not support this arbitrary characterization which deprived Lelis of her right to request disability benefits based on her current condition. Lelis's 2011 application and documents submitted to the Board presented a sufficient basis to assert a request for benefits based on her current condition and recent diagnosis and, therefore, was not a request to reconsider but a new claim for pension benefits.

¶ 23    The Board considered Lelis's 2011 application, her correspondence with the Board and other documents submitted during the pendency of the proceedings. These documents, taken together, do not show a request for reconsideration or rehearing of the 2000 order. Rather, Lelis requested benefits for the aggravation of her previous injury associated with the lupus diagnosis. Her "increasingly degenerative back injury" was aggravated and "worsened because of a separate diagnosis of Lupus." Clearly, the Board has jurisdiction to hear Lelis's evidence and determine whether she currently is disabled by a back injury, whether the injury was duty-related and whether lupus is contributing to her back problems.

¶ 24    The Board argues that Lelis did not provide it with an application asserting a new claim. This is literally correct since the application form itself does not refer to her recent lupus diagnosis. However, had the Board considered the entire record as its order reflects, the entire record clearly indicates the claim for benefits is based on the contention her current physical condition renders her unfit for duty. Simply put, the record informs the Board that Lelis believes she is unfit for duty because she has lupus, which is aggravating her back. The Board prejudged her application by determining that it did not have jurisdiction to adjudicate her 2011 application without considering the new facts presented. This denied Lelis the opportunity to present her case as to why she believes she is entitled to "line of duty" disability benefits and why, specifically, her recent illness has exacerbated the back injury. Whether, when and to what extent her back was injured is obviously an issue to be decided at a full hearing on her application–along with the lupus issue–not summarily dismissed through consideration of the prehearing materials contained in this record.

¶ 25    Although the Board argues that Lelis did not submit information showing the lupus diagnosis and the illness's affect on her prior injury, both parties agree that at the preliminary stage of the Board's finding, Lelis was not required to prove any claim regarding her condition. Therefore, the inclusion of the additional and independent basis for benefits was sufficient to allege a new claim. In essence, Lelis pled a new condition warranting benefits and did not have to provide evidence at that stage of the proceedings.

¶ 26    Furthermore, in 2000 the Board recognized that Lelis would be allowed to claim injury to her lower back at some later date if the facts warranted. In Hughes-Lelis v. Town of Cicero, No. 2000 CH 6407 (Cir. Ct. Cook Co.), the circuit court found that "[a]s counsel for the Board indicated, if in fact the plaintiff is unable to perform the duty to which she is assigned at a future date, Hughes-Lelis can resubmit her application for disability pension." Having taken this position previously, the Board cannot now claim that Lelis has improperly raised the exacerbation of that injury 11 years later in a new application asserting additional and newly developed facts and circumstances supporting her claim. Also, and significantly, the circuit court expressly found that "any subsequent re-submission for a disability pension or a resumption of fully-duty [*sic*] work will not be judicially estopped by [Lelis's] position in these proceedings that she is at least temporarily disabled–due to the fact that this position

is not inconsistent with a later claim of disability to do light duty work or ability to do full-duty work." Also of note is the Board's 2000 decision and order contains a factual finding that Lelis testified to injuring her back while moving a dead body while on duty; however, based on the conflicting medical evidence it found she was "not *currently* disabled." (Emphasis added.) This finding further supports our decision that the Board's order and decision cannot stand.

¶ 27        We also note the Board has the authority to award benefits for a disabled officer resulting from a cause other than the performance of an act of duty. 40 ILCS 5/3-114.2 (West 2010). Thus, after a hearing it is feasible the evidence may support a finding of duty disability or nonduty disability or no disability. The Board has jurisdiction over Lelis's claim and the Board is required to rule based on the evidence presented.

¶ 28                              II. *Res Judicata* and Collateral Estoppel

¶ 29        The Board argues the doctrines of *res judicata* and collateral estoppel bar Lelis's claim. Lelis disagrees and contends she provided new facts in the 2011 application and supporting documents which were unavailable prior to the adjudication of her 1999 application, such that neither *res judicata* nor collateral estoppel bars her 2011 request for benefits.

¶ 30        The doctrines of *res judicata* and collateral estoppel apply to decisions by administrative agencies that are adjudicatory, judicial, or quasi-judicial. *Dowrick v. Village of Downers Grove*, 362 Ill. App. 3d 512, 516 (2005). Under the doctrine of *res judicata* a final judgment on the merits rendered by a court of competent jurisdiction will act as an absolute bar to any subsequent actions between the same parties or their privies involving the same cause of action. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (citing *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). *Res judicata* bars what was decided in the first action and also what could have been decided in the prior action. *Id*. (citing *La Salle National Bank v. County Board of School Trustees*, 61 Ill. 2d 524, 529 (1975)). Three requirements must be met for *res judicata* to bar a claim: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18.

¶ 31        An adjudication is considered "on the merits" when it "determines the parties' respective rights and liabilities based on the facts before the court." *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 802 (1992) (citing *Fried v. Polk Brothers, Inc.*, 190 Ill. App. 3d 871, 878 (1989)). A cause of action is "a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant." *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490 (1993). For a previous judgment to be conclusive of a claim under the doctrine of *res judicata*, "it must appear clearly and certainly that the identical and precise issue was decided in the previous action." *County of Cook v. Illinois Local Labor Relations Board*, 214 Ill. App. 3d 979, 985 (1991).

¶ 32        Collateral estoppel applies when a subsequent action is filed involving the same parties and when a prior final judgment was entered on the identical issue raised in the subsequent action. *Reed v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 395 Ill. App. 3d

1, 6 (2009).

¶ 33    Neither party disputes that the Board's 2000 decision and subsequent ruling by the circuit court constitute a "final judgment" on the merits for the purposes of both *res judicata* and collateral estoppel. In addition, neither party disputes that the same parties are involved in both proceedings before the Board. The contention in this appeal is whether the same claim or transaction is involved in this application and her 1999 application.

¶ 34    In *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 309-11 (1998), the Illinois Supreme Court adopted the "transactional" test as the exclusive test for determining whether identity of cause of action exists for purposes of *res judicata*. Under the transactional test, "a claim is viewed in 'factual terms' and considered 'coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; *** and regardless of the variations in the evidence needed to support the theories or rights.' " *Id.* at 309 (quoting Restatement (Second) of Judgments § 24 cmt. a, at 197 (1982)).

¶ 35    The Board at its meetings considered whether it could hear Lelis's 2011 application, without consideration of the facts presented by her 2011 application and supporting documents. To determine whether the same cause of action is asserted in a subsequently filed claim, the Board was required to consider the facts which gave rise to the claim for relief. *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 617 (2007).

¶ 36    Only facts and conditions available at the time of prior judgment are considered in *res judicata* analysis. *Dowrick v. Village of Downers Grove*, 362 Ill. App. 3d 512, 517 (2005). New material facts occurring after the prior judgment was entered, may be taken alone or in conjunction with the prior facts, to form the basis of a subsequent action, not precluded by the prior adjudication on the merits. *Id.* (citing Restatement (Second) of Judgments § 24 cmt. a, at 203 (1982)). A plaintiff's injury which was not found a disability at the time of a Pension Board hearing does not mean that the condition cannot change and become a disability at a later date. *Dowrick v. Village of Downers Grove*, 362 Ill. App. 3d 512, 517 (2005).

¶ 37    The proponent seeking to invoke the doctrine of *res judicata* carries the burden of proving it applies. *Taylor v. Police Board*, 2011 IL App (1st) 101156, ¶ 20. Here, the Board has failed to provide this court with support for its argument that the new information included in her application, correspondence and interrogatories does not contemplate a new fact or facts, not available prior to the Board's 2000 decision, necessary of consideration. Rather, the Board summarily concludes, both in its response brief and in its November 18, 2011 order, that her recently diagnosed illness and the asserted exacerbation of a prior injury incurred on duty, as described in her correspondence, interrogatories and memoranda before the Board, was not an assertion of new facts. The application and related documents cannot reasonably be viewed as anything short of a claim different from that made in 1999. There is nothing in this record that remotely indicates a disease was part of her injury claim in 1999 and the record as a whole indicates that a disease is a part of her current claim. The Board summarily deprived her of an opportunity to make her case. Therefore, the Board has not sustained its burden in proving that *res judicata* and collateral estoppel apply.

¶ 38    Lastly, Lelis argues that judicial estoppel should bar the Board from asserting an estoppel defense. Having found that Lelis is entitled to have a full hearing on her claim, including issues concerning the relationship, if any, of her disease, her back condition and her fitness for duty, we need not address this issue.

¶ 39                                    CONCLUSION

¶ 40    For the foregoing reasons, the decisions of the circuit court of Cook County and the Board of Trustees of the Cicero Police Pension Fund are reversed and the case is remanded to the Board for proceedings consistent with this opinion.

¶ 41    Reversed and remanded.