**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220522-U

Order filed December 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| MARIWORKS WARRENVILLE, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-22-0522 |
| ILLINOIS DEPARTMENT OF | ) | Circuit No. 21-MR-1188 |
| AGRICULTURE and JERRY COSTELLO II, | ) | |
| Director, | ) | |
| | ) | The Honorable |
| Defendants-Appellees. | ) | Craig R. Belford, |
| | ) | Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The Department of Agriculture properly denied an application for a cannabis-infuser license because the applicant failed to comply with a regulation requiring descriptions for all positions listed in the applicant's organizational chart.

¶ 2    The defendant Illinois Department of Agriculture and its director, defendant Jerry Costello II, denied an application for a cannabis-infuser license filed by the plaintiff, MariWorks Warrenville, LLC.  MariWorks sought administrative review of the denial of its application.  The

circuit court affirmed the Department's decision, and MariWorks appealed. On appeal, MariWorks argues that (1) the Department misconstrued a regulation requiring position descriptions in the applicant's organizational chart; (2) the regulation required only substantial compliance, rather than strict compliance; (3) it is entitled to a cannabis-infuser license because it was "a top-scoring Applicant," and (4) the Department's failure to issue the cannabis-infuser license "frustrated the purpose" of the Act to expand the availability of legal cannabis. We affirm.

¶ 3                                                     I. BACKGROUND

¶ 4         In 2020, MariWorks filed an application for a cannabis-infuser license with the Department. Per the Department's instructions, MariWorks's application contained numerous exhibits, including "Exhibit P," which required an organizational chart and descriptions of the positions within the organization. However, MariWorks's Exhibit P did not contain any position descriptions.

¶ 5         On June 1, the Department sent a notice to MariWorks, which classified MariWorks's application as deficient in the requirement that "Applicant's organizational chart must include position descriptions." The notice also stated that a response was due within 10 days.

¶ 6         MariWorks timely filed a response, which included a revised organizational chart containing the following disclaimer-type statement:

> "Please note: Although we have well established relationships with highly experienced professionals we intend to hire, no formal arrangements for work have been made until a license has been granted. The following plan outlines the roles and responsibilities required of the facility. Certain individuals in the early stages of operation will have dual responsibilities and serve more than one role."

2

The revised organizational chart also contained descriptions for the Chief Executive Officer, Chief Security Officer, General Manager, Manufacturing and Production Supervisor, Sales and Distribution Director, and Office Manager. However, there were no descriptions for the following six positions: "Production Associates" and "Packaging Associates," who worked underneath the Manufacturing and Production Supervisor; "Marketing Associate" and "Sales Associates," who worked underneath the Sales and Distribution Director; and "Accounting Associate" and "Human Resources Specialist," who worked underneath the Office Manager.

¶ 7        The only positions which were filled at the time of MariWorks's response were the Chief Executive Officer and Chief Security Officer. Résumés for those two individuals were provided in the revised Exhibit P. Thus, MariWorks provided position descriptions for 4 of its 10 unfilled positions.

¶ 8        In August, the Department sent a notice of disqualification to MariWorks regarding its application. Four potential general reasons were listed for disqualification, including that "[t]he Applicant submitted a timely response to a prior deficiency notice, but it was not fully responsive to the issues identified in the notice." MariWorks sought clarification of the decision, and the Department responded as follows:

> "A deficiency notice was sent on June 1, 2021. A timely response was received. However, the response received failed to address all deficiencies identified in the deficiency notice. Specifically, after review of the documentation provided in the response, all issues identified in the deficiency notice for Exhibit(s) P were not resolved."

The Department did not respond to another request for clarification made by MariWorks.

¶ 9          In October, MariWorks filed a complaint for administrative review in the circuit court. Initially, the case was remanded to the Department because the administrative record did not contain adequate factual findings to allow for meaningful judicial review. The Department made those findings the same day, clarifying that the aforementioned six positions did not contain position descriptions such that the application was disqualified. After the circuit court case was reinstated, the court ultimately upheld the Department's disqualification decision. MariWorks appealed.

¶ 10                                    II. ANALYSIS

¶ 11          On appeal, MariWorks argues that the Department erred when it disqualified MariWorks's application for a cannabis-infuser license on the basis that the application failed to include certain position descriptions.

¶ 12          In an appeal from a circuit court's review of an administrative decision, we review the administrative agency's decision, not the circuit court's decision. *Lelis v. Board of Trustees of Cicero Police Pension Fund*, 2013 IL App (1st) 121985, ¶ 10. Our review extends to all questions of law and fact presented by the entire administrative record. 735 ILCS 5/3-110 (West 2022). The standard of review we apply depends on whether the question presented is one of law, fact, or mixed law and fact. *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001). This appeal presents questions of law and mixed questions of law and fact.

¶ 13          Questions that require us to construe an administrative regulation present questions of law that we review *de novo*. See *Medponics Illinois, LLC v. Department of Agriculture*, 2021 IL 125443, ¶ 30. However, even *de novo* review in this context is guided by certain principles as described by the *Medponics* court:

4

"regulations adopted by an administrative agency are presumptively valid. [Citation.] Moreover, even applying *de novo* review, an agency's interpretation of its own regulations is entitled to substantial deference and weight, as the agency makes informed judgments based on its expertise and experience and provides a knowledgeable source in ascertaining the intent of the legislature. [Citation.] Additionally, an agency's interpretation of a statute is given deference on *de novo* review unless it is erroneous, unreasonable, or conflicts with the statute. [Citation.]" *Id.* ¶ 31.

¶ 14 "Mixed questions of fact and law are 'questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated.' " *American Federation of State, County and Municipal Employees, Council 31 v. Illinois Labor Relations Board*, 216 Ill. 2d 569, 577 (2005) (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n. 19 (1982)). Mixed questions of law and fact are reviewed under the clearly erroneous standard. *Id.* "A decision is 'clearly erroneous' when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* at 577-78.

¶ 15 MariWorks advances several theories in its brief in support of its claim that the Department's disqualification decision was erroneous. First, MariWorks claims that the Department's regulations do not require all positions to be described, only those which had been filled at the time of application.

¶ 16 Section 35-10(a)(19) of the Cannabis Regulation and Tax Act (Act) (410 ILCS 705/35-10(a)(19) (West 2022)) authorizes the Department to require an applicant for a cannabis-infuser

5

license to provide "any other information required by rule." Pursuant to that authorization, the Department adopted a rule requiring, in relevant part, that an applicant for a cannabis-infuser license "disclose all relevant financial information," including "[a] current organizational chart that includes position descriptions and the names and resumes of persons holding each position to the extent those positions have been filled." 8 Ill. Admin. Code (Code) § 1300.405(a)(2) (2022).

¶ 17      MariWorks contends that the language "to the extent those positions have been filled" modifies the entire sentence. However, that interpretation is untenable. The relevant language of that regulation clearly requires the following distinct information: (1) an organizational chart with position descriptions and (2) the names and résumés of anyone who has already been hired for any of the positions described in the organizational chart. Moreover, MariWorks's interpretation violates the last-antecedent rule of grammar, "according to which a limiting clause or phrase *** should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).

¶ 18      For the foregoing reasons, we reject MariWorks's argument and hold that section 1300.405(a)(2) of the Code requires a cannabis-infuser applicant to provide position descriptions for all positions it includes in its organizational chart, regardless of whether the positions have been filled at the time of application.

¶ 19      MariWorks's second argument is that section 1300.405(a)(2) only requires substantial compliance, rather than full compliance.

¶ 20      No court has determined that section 1300.405(a)(2) requires only substantial compliance and the cases to which MariWorks has cited on substantial compliance were in contexts that bear no relation to the instant one (see, *e.g.*, *Jackson-Hicks v. East St. Louis Board of Election*

*Commissions*, 2015 IL 118929, ¶¶ 36-37 (holding that while substantial compliance can apply in the context of the Election Code, strict compliance was required for a provision mandating a specific number of signatures before a candidate could be placed on a ballot); *Scott v. City of Chicago*, 2015 IL App (1st) 140570, ¶¶ 2-5 (involving two municipal ordinances requiring an individual who seeks to invalidate a zoning ordinance to provide pre-suit notice to all property owners who would be affected by the invalidation); *Kennedy v. City of Chicago*, 2022 IL App (1st) 210492, ¶¶ (ruling that the municipality substantially complied with the notice provisions of a red-light-camera ordinance because the notice-of-violation contained language similar to the language listed in the ordinance)). MariWorks's interpretation of section 1300.405(a)(2) finds no support in the law.

¶ 21     Moreover, requiring only substantial compliance with section 1300.405(a)(2) in this instance would eviscerate the regulation. It is indisputable that MariWorks failed to provide position descriptions for six positions in its organizational chart. Finding this noncompliance to constitute substantial compliance would completely excuse MariWorks from having to comply with a disclosure that the Department had the authority to require pursuant to section 35-10(a)(19) of the Act (410 ILCS 705/35-10(a)(19) (West 2022)). Under these circumstances, we reject MariWorks's argument and further decline to address its additional arguments that it substantially complied with section 1300.405(a)(2) because (1) the six positions were self-explanatory and therefore did not need to be described, and (2) the "disclaimer" it included with its organizational chart and the position descriptions it provided for the supervisors of the six undescribed positions contained adequate information for the Department to understand the positions.

7

¶ 22    MariWorks's third and fourth arguments on appeal are entitlement-related arguments; namely, that (1) it is entitled to a cannabis-infuser license because it was "a top-scoring Applicant" and (2) the Department's failure to issue a cannabis-infuser license "frustrated the purpose" of the Act to expand the availability of legal cannabis. These arguments are without merit. Section 35-10(b) of the Act unequivocally states that "[f]ailure by an applicant to submit all required information may result in the application being disqualified." 410 ILCS 705/35-10(b) (West 2022). Again, it is indisputable that MariWorks failed to comply with section 1300.405(a)(2) of the Code and that its application was therefore subject to disqualification. Simply applying for a cannabis-infuser license does not entitle an entity to the license; the entity's application must satisfy the Department's requirements, including the position-description requirement contained in section 1300.405(a)(2) of the Code. MariWorks failed to do so and therefore is not entitled to a cannabis-infuser license. Moreover, the failure to issue a license to one non-compliant applicant does not frustrate the purpose of the statute. Indeed, it advances that purpose by ensuring, through compliance with its rules, that a successful applicant is capable of adhering to authorized state regulation of products emerging from tight state control and still subject to federal regulation as illegal contraband.

¶ 23    For the foregoing reasons, we hold that the Department did not err when it disqualified MariWorks's application for a cannabis-infuser license.

¶ 24                                III. CONCLUSION

¶ 25    The judgment of the circuit court of Du Page County is affirmed.

¶ 26    Affirmed.

8