2022 IL App (1st) 211357-U
Order filed: May 19, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-21-1357

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| B&D INVESTMENT GROUP, LLC-<br>8507-8527 S. 88th AVENUE SERIES, | ) <br> ) <br> ) | Appeal from the<br>Circuit Court of<br>Cook County |
| Plaintiff-Appellant, | ) <br> ) | |
| v. | ) <br> ) | No. 2021 CH 03125 |
| JUSTICE-WILLOW SPRINGS WATER<br>COMMISSION, an Illinois Municipal<br>Corporation, | ) <br> ) <br> ) <br> ) | <br><br>Honorable<br>Raymond W. Mitchell, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reversed the circuit court's dismissal order and remanded for further proceedings. We found that plaintiff stated a cause of action for an equal protection violation, arbitrary and capricious conduct, and injunctive relief arising out of defendant's decision to reduce the number of water meters at plaintiff's strip mall while leaving the water meters at other similarly situated strip malls intact.

¶ 2    Defendant, the Justice-Willow Springs Water Commission, notified plaintiff, B&D Investment Group, LLC, the owner of a strip mall in the Village of Justice (Village), of its intention to reduce the number of water meters located at the strip mall so as to lower the administrative expenses relating to billing for water usage. Plaintiff filed a three-count complaint, seeking a

declaration that defendant's attempt to reduce only the number of water meters at its strip mall, while not reducing the number of water meters at other similarly situated strip malls within the Village, violated the equal protection clause and was arbitrary and capricious. Plaintiff also sought injunctive relief enjoining defendant from reducing the water meters at its strip mall. The circuit court dismissed with prejudice plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Plaintiff appeals. We reverse and remand for further proceedings.

¶ 3 Plaintiff is the owner of a multi-unit commercial building, referred to in the complaint as a strip mall, in the Village. There are seven stores located in the strip mall, each with its own water meter, and a day care center that has two water meters, for a total of nine water meters.[1] Defendant is a municipal utility providing water service throughout the Village, including to the commercial units in the strip mall. Defendant uses specialized equipment to remotely read the water meters and determine the amount of water used by each commercial unit and then prepares a separate water bill for each such unit. The instant case arises from defendant's attempt to consolidate the nine water meters into one water meter, which would result in plaintiff receiving one total water bill for all the units. As a result of the consolidation, defendant no longer would prepare a separate water bill for each commercial unit, meaning that plaintiff would be required to determine each of the commercial units' water usage and then bill each unit accordingly. This would entail extra expenses for plaintiff.

¶ 4 On June 17, 2021, defendant informed plaintiff that unless it made an appointment to consolidate the water meters within the next 14 days, defendant would "begin the process of

---

[1] A tenth water meter for the fire sprinkler system at the strip mall is not the subject of this appeal.

terminating water service" at the strip mall. Plaintiff contends that if defendant terminates the water service to its strip mall, five of its commercial tenants including the day care center would have to shut down, resulting in a loss of about 25 jobs as well as day care and educational opportunities for 82 current students.

¶ 5    To prevent defendant from consolidating the nine water meters into one water meter, plaintiff filed the complaint in this matter on June 25, 2021. Plaintiff detailed certain events that occurred prior to defendant's decision to consolidate the water meters, specifically: that some of the tenants of plaintiff's strip mall were not paying their rent or water bills and that plaintiff had asked defendant to turn the water off for any such tenant; that in 2013, defendant received a complaint that plaintiff's manager allegedly cut the lock off one of its tenants' water meters in an attempt to allow that tenant to receive water service at no charge; and that another of the tenants complained to defendant that plaintiff had "tapped into his water line," resulting in his being charged for water usage attributable to other units. While acknowledging that it asked defendant to cut off water service for the tenants who were delinquent in paying their water bills, plaintiff denied that it ever cut the lock off a tenant's water meter or tapped into another tenant's water line or in any way provided defendant with a reason for consolidating its water meters.

¶ 6    In count I, plaintiff alleged that there were nine other strip malls located within the Village and receiving water from defendant. Those nine strip malls contained multiple commercial units, each of which was served by its own water meter. Defendant was not requiring any of those strip malls to consolidate or reduce their water meters. Plaintiff sought a declaration that defendant's attempt to consolidate the water meters at its strip mall, while leaving intact the multiple water meters at the other nine strip malls, violated the equal protection clause. In count II, plaintiff sought a declaration that defendant's attempt to consolidate the water meters at its strip mall was arbitrary

and capricious. In count III, plaintiff sought a temporary restraining order (TRO) and preliminary injunction enjoining defendant from consolidating the water meters at its strip mall during the pendency of this action and a permanent injunction restraining the same conduct.

¶ 7     Defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). Pursuant to section 2-619, defendant argued that plaintiff lacked standing to assert its claims because it failed to show any distinct or palpable injury resulting from the consolidation of the water meters. In response, plaintiff submitted the affidavit of its manager, Ann Majstoric, who attested that the consolidation of the water meters would require plaintiff to hire a person at a cost of $200 per month to determine each of its tenants' monthly water usage and then prepare and send each tenant the appropriate water bill. Following the filing of Majstoric's affidavit, defendant conceded for purposes of the dismissal motion that plaintiff stated a distinct and palpable injury and therefore possessed standing in this matter. Defendant withdrew its section 2-619 motion.

¶ 8     Pursuant to section 2-615, defendant argued that plaintiff's equal protection claim failed to state a cause of action because there was a rational basis for its decision to consolidate the water meters at plaintiff's strip mall while leaving intact the multiple water meters at the other nine strip malls in the Village. Specifically, defendant argued:

> "[R]educing the number of water meters (*i.e.*, customers) from nine to one after the proposed meter consolidation will lower [its] expenses relating to the billing and collecting for water usage at the [strip mall]. Notably, the complaint admits the numerous delinquent tenant accounts at the [strip mall]. The complaint also notes [plaintiff's] requests to have [defendant] constructively evict tenants, without judicial process, who are behind on their rent by terminating water service to the units. Additionally, [defendant] received a

complaint from a tenant that it was being billed *** for water usage he claims was attributable to another unit. It goes without saying that [defendant's] desire to extricate itself from landlord/tenant disputes relating to delinquent rental payments, delinquent water bills, and whether a tenant is being charged for water usage attributable to other units provides a rational basis for [its] efforts to consolidate the meters." (Internal citations omitted.)

¶ 9     Defendant also argued that plaintiff failed to state a claim of arbitrary and capricious behavior in count II of the complaint, because the decision to consolidate the water meters was a discretionary act of a public official and was not fraudulent or illegal and therefore did not warrant judicial intervention.

¶ 10     Finally, defendant argued that plaintiff's failure to allege legally sufficient causes of action in counts I and II precluded the grant of any injunctive relief and required the dismissal of count III.

¶ 11     The circuit court granted defendant's section 2-615 motion and dismissed plaintiff's entire complaint with prejudice. Plaintiff appeals.

¶ 12     A section 2-615 motion challenges the legal sufficiency of the complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). When reviewing the complaint, we accept as true all well pleaded facts and all reasonable inferences that may be drawn from those facts, and construe the allegations contained in the complaint in the light most favorable to plaintiff. *Id.* A dismissal pursuant to section 2-615 should only be granted where it is clearly apparent that no set of facts can be proved that would entitle plaintiff to recover. *Id.* Our review is *de novo*. *Id.*

¶ 13    First, we address the dismissal of count I of plaintiff's complaint alleging an equal protection violation. The purpose of the equal protection clause is to "secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." (Internal quotation marks omitted.) *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). An equal protection challenge typically is concerned with governmental classifications affecting some groups of citizens differently than others. *United States v. Moore*, 543 F. 3d 891, 896 (7th Cir. 2008). Therefore, individuals pursuing equal protection challenges usually allege that they have been arbitrarily classified as members of an identifiable group. *Id.* However, the equal protection clause also has come to be understood to protect individuals against purely arbitrary governmental classifications, even when the classification consists of singling out just one individual for different treatment for arbitrary and irrational purposes. *Geinosky v. City of Chicago*, 675 F. 3d 743, 747 (7th Cir. 2012).

¶ 14    In the instant case, plaintiff alleges such a "class of one" equal protection claim, whereby it was irrationally singled out, without regard for any group affiliation, for discriminatory treatment. *Id.* To state a cause of action under this theory, plaintiff first must allege that it intentionally was treated differently from others who were similarly situated. *Olech*, 528 U.S. at 564; *Kaczka v. Retirement Board of the Policemen's Annuity and Benefit Fund*, 398 Ill. App. 3d 702, 707 (2010). To be considered similarly situated, the class of one challenger and its comparators must be *prima facie* identical in all relevant respects or directly comparable in all material respects. *Moore*, 543 F. 3d at 896. Plaintiff also must allege that there is no rational basis for the difference in treatment. *Olech*, 528 U.S. at 564; *Kaczka,* 398 Ill. App. 3d at 707. Under the rational basis standard, courts presume the rationality of the governmental classification and of the

difference in treatment. *Wroblewski v. City of Washburn*, 965 F. 2d 452, 459 (7th Cir 1992). The burden is on plaintiff to eliminate any reasonably conceivable state of facts that could provide a rational basis for the difference in treatment. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F. 3d 681, 686 (7th Cir. 2013).

¶ 15     In *Wroblewski*, the Seventh Circuit Court of Appeals (appeals court) addressed the "perplexing situation" presented when the rational basis standard meets the standard applied to a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 12(b)(6)(eff. Dec. 1, 2009)) (the federal counterpart to section 2-615). The appeals court noted:

"The rational basis standard requires the government to win if any set of facts reasonably may be conceived to justify its classification; the Rule 12(b)(6) standard [similar to the section 2-615 standard at issue here] requires the plaintiff to prevail if relief could be granted under any set of facts that could be proved consistent with the allegations. The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard. The latter standard is procedural, and simply allows the plaintiff to progress beyond the pleadings and obtain discovery, while the rational basis standard is the substantive burden that the plaintiff will ultimately have to meet to prevail on an equal protection claim. *** To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." (Internal citation and quotation marks omitted.) *Wroblewski*, 965 F. 2d at 459-60.

¶ 16     In the present case, as we are at the pleading stage and employing the section 2-615 standard, we must consider whether plaintiff has pleaded any set of facts that would entitle it to recover under its class of one equal protection claim. Plaintiff pleaded in its complaint that it is the

owner of a strip mall within the Village consisting of seven commercial stores, each with its own water meter, and a day care center that has two water meters. Each store and day care center receives water from defendant. Plaintiff expressly identified nine other similarly situated strip malls within the Village that are directly comparable in all material respects to plaintiff's strip mall, in that they have multiple commercial units each served by its own water meter and they receive their water from defendant. Plaintiff alleged that defendant intentionally is treating it differently than the owners of those similarly situated strip malls, as defendant is requiring plaintiff to consolidate the nine water meters servicing the commercial units in its strip mall into one water meter while allowing the other strip malls to retain separate water meters for each of its commercial units.

¶ 17     Taking plaintiff's well pleaded facts and all reasonable inferences drawn therefrom as true, and construing plaintiff's allegations in the light most favorable to it, which we must when considering a section 2-615 motion to dismiss (*Marshall*, 222 Ill. 2d at 429), plaintiff has adequately pleaded a class of one equal protection claim based on defendant intentionally treating it differently than similarly situated comparators for no rational basis. See *Fares Pawn, LLC v. Indiana Department of Financial Institutions*, 755 F. 3d 839 (7th Cir. 2014) (normally, a class of one plaintiff shows an absence of rational basis by identifying a similarly situated comparator who was treated differently, the theory being that if all principal characteristics of the plaintiff and its comparators are the same, and the comparators received more favorable treatment, this may show that there was no proper motivation for the disparate treatment).

¶ 18     Defendant counters that under the rational basis test, the burden is on plaintiff to eliminate *any* reasonably conceivable state of facts that could provide a rational basis for the difference in treatment. Defendant argues that plaintiff has failed to meet this test. Defendant points to the

allegations in plaintiff's complaint regarding how defendant was notified of the landlord/tenant disputes at its strip mall regarding delinquent payment of water bills and that, related thereto, various tenants at the strip mall complained to defendant about plaintiff cutting off one of the locks on a water meter and tapping into a water line (which plaintiff denied). Defendant argues that these landlord/tenant disputes, all of which are collectively related to billing for water usage, provided a rational basis for its decision to consolidate the water meters at plaintiff's strip mall so as to lower its billing expenses and extricate itself from the arguments between plaintiff and its tenants.

¶ 19    In effect, defendant's argument is that plaintiff's strip mall is not similarly situated to the other nine strip malls listed in the Village, because plaintiff's strip mall is the subject of various landlord/tenant disputes related to billing for water usage, whereas the other strip malls in the Village are not the subject of such disputes. Defendant argues that plaintiff's class of one equal protection claim necessarily fails because the landlord/tenant disputes occurring only in plaintiff's strip mall provide a rational basis for consolidating the multiple water meters there into one meter, while leaving the multiple water meters in the other nine strip malls intact.

¶ 20    The flaw in defendant's argument is that the difference it identifies, namely, that unlike plaintiff, the nine other strip malls in the Village are free of landlord/tenant disputes over billing for water usage, is not apparent from the face of the complaint[2] and may not be considered at this stage of the proceedings.  See *Gilmore v. Stanmar, Inc.*, 261 Ill. App. 3d 651, 654 (1994) (a section 2-615 motion only attacks the legal sufficiency of the complaint on its face; affirmative matter outside the face of the complaint may not be considered). Looking only at the complaint, plaintiff

---

[2] There are no allegations in the complaint regarding whether or not the other nine strip malls in the Village suffer from the same or similar landlord/tenant disputes as plaintiff regarding billing for water usage.

first identified a group of similarly situated strip malls in the Village with multiple commercial units each of which was served by its own water meter and received its water from defendant. Second, plaintiff alleged that defendant intentionally treated it differently than the similarly situated comparators for no rational reason by requiring only plaintiff's strip mall to consolidate the multiple water meters into one meter. Thus, plaintiff has alleged a set of facts which, if proved, would overcome the presumption that defendant acted rationally by requiring plaintiff to consolidate the water meters in its strip mall. Under the section 2-615 standard, which only requires plaintiff to plead *any* set of facts supporting recovery, plaintiff has adequately pleaded a cause of action for a class of one equal protection violation and therefore it is allowed to progress beyond the pleadings and obtain discovery. *Wroblewski*, 965 F. 2d at 459-60.

¶ 21 Ultimately, after discovery is completed, the evidence perhaps may support defendant's argument that the landlord/tenant disputes regarding billing for water usage at plaintiff's strip mall differentiates it from the other nine strip malls in the Village, justifying the difference in treatment regarding the consolidation of the water meters. For our purposes here at the pleading stage, though, plaintiff's complaint alleges facts sufficient to state a cause of action for a class of one equal protection claim, specifically, that defendant intentionally treated it differently from other similarly situated strip malls for no rational reason by requiring it to consolidate its water meters. Therefore, we reverse the circuit court's dismissal order and remand for further proceedings.

¶ 22 We note that there is a line of federal appeals court cases requiring the plaintiff bringing a class of one equal protection challenge to plead and prove an additional element: that the discriminatory treatment resulted from defendant's illegitimate animus toward him. See *Moore*, 543 F. 3d at 898 (cases cited therein). A second line of appeals court cases holds that plaintiff is not required to plead and prove that the differential treatment was motivated by illegitimate

animus. *Id.* We agree with the second line of cases, as the United States Supreme Court held that plaintiff states a class of one equal protection claim by pleading that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564. The Supreme Court specifically noted that any subjective ill will or animus by defendant is not required to be pleaded by the plaintiff to state a cause of action. *Id.* at 565. See also *Kaczka*, 398 Ill. App. 3d at 707 (where the plaintiff was not required to plead any illegitimate animus when stating a cause of action for a class of one equal protection claim). Accordingly, plaintiff's complaint here alleging that defendant intentionally and irrationally treated it differently from other similarly situated strip malls by requiring it to consolidate its water meters was sufficient to state a cause of action for a class of one equal protection claim even in the absence of any claim of illegitimate animus.

¶ 23    Next, we address the dismissal of count II, which alleged that defendant's attempt to consolidate the water meters at plaintiff's strip mall into one meter while leaving the multiple water meters at the other nine strip malls in the Village intact was arbitrary and capricious.  Plaintiff contends that if defendant is successful in its consolidation of the water meters, plaintiff will be required to perform more work to allocate the water usage to each commercial tenant; in effect, plaintiff arbitrarily will be receiving less service from defendant than the owners of the other nine strip malls while continuing to pay the same rate.

¶ 24    Defendant responds that the decision to consolidate the water meters at plaintiff's strip mall was a discretionary act of a public official, who, under section 11-135-3 of the Illinois Municipal Code "has full and complete supervision, management, and control of the waterworks system." 65 ILCS 5/11-135-3 (West 2020). A court may overturn such a discretionary act of a public official as arbitrary and capricious only where "it does not comport with the law because it contravenes a

statute or constitution." *Bigelow Group, Inc. v. Rickert*, 377 Ill. App. 3d 165, 175 (2007). As we discussed earlier in this order, plaintiff adequately pleaded that defendant's decision to consolidate the water meters in its strip mall into one meter while leaving the water meters in the other nine strip malls in the Village intact was a violation of the equal protection clause. As plaintiff has adequately pleaded that defendant's consolidation decision contravenes the constitution, it has stated a cause of action that defendant acted in an arbitrary and capricious manner. Accordingly, we reverse the dismissal of count II and remand for further proceedings.

¶ 25    Next, we address the dismissal of count III for injunctive relief, namely, for a TRO, preliminary injunction, and permanent injunction. The party seeking a TRO or preliminary injunction must establish facts showing that: (1) it has a protected right; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) its remedy at law is inadequate; and (4) there is a likelihood of success on the merits of the underlying action. *County of Du Page v. Gavrilos*, 359 Ill. App. 3d 629, 634 (2005). A permanent injunction is provided when the party succeeds at trial on the merits of the underlying cause of action and the available legal remedy is inadequate. *Town of Cicero*, 2012 IL App (1st) 112164, ¶ 46.

¶ 26    In the present case, having dismissed counts I and II, which are the causes of action underlying count III's claim for injunctive relief, the circuit court found that count III necessarily must be dismissed. See *id.* (there must be a recognized cause of action underlying the claim for injunctive relief). Defendant similarly argues on appeal that plaintiff's failure to plead legally sufficient causes of action in counts I and II necessitates the dismissal of count III. However, as discussed earlier in this order, we are reversing and remanding the dismissal of counts I and II, finding that they state causes of action for an equal protection violation and arbitrary and capricious

misconduct. As counts I and II state recognized causes of action underlying count III's claim for injunctive relief, we reverse the dismissal of count III and remand for further proceedings.

¶ 27    For all the foregoing reasons, we reverse the dismissal order and remand for further proceedings.

¶ 28    Reversed and remanded.